■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS X. MCCANN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered May 23, 1983, convicting him of sodomy in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law and the facts, and indictment dismissed. The case is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. ¶ The sole evidence connecting defendant with the crime charged was the identification by the complaining witness and her sister. The court is well aware of the oft-repeated truth that "[t]he vagaries of eyewitness identification are well-known; the annals of criminal law are rife with instances of mistaken identification" (*United States v Wade,* 388 US 218, 228; see, generally, O'Connor, "That's the Man": A Sobering Study of Eyewitness Identification and the

Polygraph, 49 St John's L Rev 1; Sobel, Eye-Witness Identification, § 1.1). There can be no greater miscarriage of justice than the conviction of an innocent person as a result of mistaken identification (see, e.g., *People v Kidd,* 76 AD2d 665; *United States v Greer,* 538 F2d 437, 441). Mistaken identification " 'probably accounts for more miscarriages of justice than any other single factor — perhaps it is responsible for more such errors than all other facts combined' " (*United States v Wade, supra,* p 229, quoting from Wall, Eye-Witness Identification in Criminal Cases, p 26). In the case at bar, the complaining witness had identified defendant more than three years after the attack out of a prejudicial black and white photo spread and corporeal lineup. Testimony relating thereto was suppressed by the court after a *Wade* hearing because of its suggestive nature. However, both the complaining witness and her sister, 12 and 11 years old, respectively, at the time of the incident, were permitted to identify defendant in court at the trial which took place approximately seven years after the event. The description given to the police by the complaining witness after the attack differed significantly from defendant's physical appearance with respect to height, hair color and facial hair at the time of the attack. In sum, the variances were so substantial as to constitute a total misdescription. Moreover, the only description ever given by the sister was in court as she viewed defendant from the witness stand. This identification evidence was so utterly weak and unreliable that we are compelled to hold that defendant's guilt was not established beyond a reasonable doubt. Having so concluded we do not reach the other issues raised by defendant. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.