■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAN JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), rendered October 28, 1983, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant, prior to sentence, did not move to vacate his plea on the grounds asserted on appeal and thus he cannot raise those grounds on this appeal (see, People v Pellegrino, 60 NY2d 636). In any event, we find that the plea entered by defendant, who was not a novice in criminal proceedings, was sufficient (see, People v Harris, 61 NY2d 9). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERWIN JORDAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered October 18, 1983, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

At plea, the court promised defendant that it would *consider* youthful offender treatment at sentencing. However, at sentencing, the court declined to grant defendant such treatment and sentenced him to an indeterminate term of imprisonment of 1½ to 4½ years.

"[E]ligibility alone does not mandate youthful offender treatment. The granting of such benefit lies wholly within the discretion of the court" *(People v Williams, 78 AD2d 642)*. Upon the present record we do not find any basis for finding that the court abused its discretion in denying youthful offender treatment, nor any basis for disturbing the sentence imposed. Mollen, P. J., Brown, Niehoff and Eiber, JJ., concur.