■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELROY COLLINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Levine, J.), rendered December 20, 1984, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The identification evidence was sufficient to prove the defendant's guilt beyond a reasonable doubt *(see, People v Herriot,* 110 AD2d 851). The evidence showed that the victim saw the defendant's face for 10 minutes while he and his accomplice were searching her room and that she saw his partially covered face for an additional five minutes during the rape. There was nothing about this testimony which would indicate that it was so unreliable that reversal is required *(cf. People v McCann,* 101 AD2d 843; *People v Crudup,* 100 AD2d 938).

While it is true that the testimony elicited by the prosecutor concerning the description of the defendant's best friend was of slight probative value, we cannot conclude that this evidence was so prejudicial that admitting it into evidence was an abuse of discretion *(see, People v Feldman,* 299 NY 153; *cf.*

*People v Mountain,* 66 NY2d 197). We also have concluded that the comments of the prosecutor made during summation which did not accurately describe the evidence at trial did not deny the defendant a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

Finally, given the seriousness of the crime of which the defendant was convicted and the lenient sentence imposed, we find no abuse of discretion in the sentencing court's denial of youthful offender status *(see, People v Jordan,* 115 AD2d 622; *People v Ortega,* 114 AD2d 912). Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.