■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the court committed reversible error by allowing the prosecutor to present evidence on an issue suggested by an alternate juror. We hold that the court did not abuse its discretion by allowing this proof and, further, that the admission of this proof, if error, was harmless.

The rape victim testified that one of her assailants took her wedding ring from her. She identified a ring that the codefendant had given to his girlfriend on the night of the attack as her wedding ring, and the victim's husband's wedding ring was introduced as evidence to demonstrate that the rings were a matched set. After the victim's testimony about the rings and during the People's direct case, an alternate juror indi-

cated to the court that something "bothered" her. The Judge met with this alternate juror in the presence of the prosecutor and defense counsel. The juror stated that she was concerned because the victim testified that the rings were a matched set, but one ring was lighter in color than the other. The court instructed the alternate juror that problems about evidence should be discussed only during deliberations. When testimony resumed, the prosecutor, over defense objections, was allowed to ask the victim why her ring was darker than her husband's, and she explained that she wore hers all the time, but her husband never wore his ring. Also over defense objection, the People introduced testimony of a gemologist who testified that, in her opinion, the rings were a matched set, but one had been worn more than the other. Defendant claims that the admission of this testimony deprived him of a fair trial. We disagree. The trial court had the discretion to admit this proof, which was offered during the People's direct case. Defendant's reliance on *People v Olsen* (34 NY2d 349) is misplaced, because in that case the court permitted the prosecutor to reopen his case after the jury had begun to deliberate. Nor are there allegations that the prosecutor engaged in misconduct when receiving this communication from a juror—the discussion with the alternate juror took place in the presence of the court and both counsel. Moreover, in light of the overwhelming proof of guilt in this case, any error in the admission of this testimony can be deemed harmless *(People v Crimmins,* 36 NY2d 230, 242). We have examined defendant's remaining contentions and find them to lack merit. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—rape, first degree, and other charges.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.