■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN BRYANT, Appellant.—Judgment unanimously affirmed. Memorandum: Several of the issues raised by defendant on this appeal have been resolved in the codefendant's appeal *(People v Brown,* 138 AD2d 933). Upon our review of the record, we find no reason to disturb the hearing court's determination that the pretrial photo array and lineups were not impermissibly suggestive *(see, People v Sheirod,* 124 AD2d 14, 19, *lv denied* 70 NY2d 656). These findings are entitled to great weight *(People v Prochilo,* 41 NY2d 759, 761) and are fully supported by the record.

The motion for a severance was properly denied. An application for a severance is addressed to the sound discretion of the trial court *(People v Cruz,* 66 NY2d 61, 69, *cert granted* 476 US 1168, *revd* 481 US 186). Defendant sought a severance because codefendant's counsel sought to introduce a composite drawing of the codefendant during his cross-examination of the victim. The court found no prejudice to defendant and denied this motion for a severance or a mistrial. The ruling did not impair any substantial right of the defendant and was a proper exercise of the court's discretion.

Finally, the testimony by the People's expert witness about hair and fiber comparisons was not speculative but rather was intended "to signify a probability supported by some rational basis" *(Matter of Miller v National Cabinet Co.,* 8 NY2d 277, 282, *mot to amend remittitur granted* 8 NY2d 1025; *see also, Matott v Ward,* 48 NY2d 455, 461; *People v Bethune,* 105 AD2d 262, 272). Although the expert's opinion had only slight probative value, it was not so prejudicial that its admission into evidence constituted an abuse of discretion *(see, People v Collins,* 123 AD2d 779, *lv denied* 69 NY2d 826). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—rape, first degree, and other charges.) Present—Dillon, P. J., Callahan, Boomer, Green and Davis, JJ.