■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS LIVINGSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered October 14, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a pretrial suppression hearing, the court denied that branch of the defendant's omnibus motion which was to suppress the identification testimony of the complaining witness. Later, after the complaining witness had completed her trial testimony, the defendant's attorney requested an order striking "any testimony * * * with regard to the identification of the defendant at the lineup". After a further *Wade* hearing, the court suppressed the lineup identification testimony and struck that testimony from the record, while noting that the witness had an independent basis for her in-court identification of the defendant. On appeal, the defendant does not challenge the propriety of this procedure, nor does he challenge the propriety of the court's subsequent determination that, irrespective of any defect in connection with the pretrial lineup, the witness's in-court identification of the defendant had been properly received.

The defendant's first argument that the verdict is against the weight of the evidence, is addressed solely to this court's power to reverse a judgment of conviction on the facts (CPL 470.15 [5]; 470.20 [5]; *see generally, People v Roe,* 74 NY2d 20, 23; *People v Comer,* 73 NY2d 955, 956-957; *People v Bleakley,* 69 NY2d 490). Contrary to the defendant's contention, we find that the jury's verdict was supported by the weight of the evidence in that the reliability of the victim's identification testimony was not impeached in any significant way. The existence of minor inconsistencies between the witness's initial description of the perpetrator, on the one hand, and the defendant's actual appearance, on the other, has never been considered sufficient, by itself, to warrant overturning a guilty verdict and dismissing the indictment *(see generally, People v*

*Gruttola,* 43 NY2d 116; *People v Bigelow,* 106 AD2d 448; *cf., People v McCann,* 101 AD2d 843).

The defendant's only remaining contention, which is concerned with the propriety of the sentence imposed, is likewise without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.