■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WEAVER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered March 1, 1990, convicting him of burglary in the third degree, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 9:00 P.M. on April 6, 1989, a witness was walking along Union Turnpike in Queens in the vicinity of his residence. He observed two men "wearing dark street clothes" in the vestibule in front of a doctor's office on Union Turnpike, a building located across the street from his residence. The taller of the two men, identified by the witness at trial as the defendant, was observed "shaking" and "rattling" the front door inside the vestibule for about two minutes, as the shorter man repeatedly looked around in all directions. The defendant then opened the front door and both men entered the building. During his testimony at trial, the witness noted that the vestibule area in front of the building was well lit, and that he was able to get an unobstructed view of the two men.

The witness further testified that he proceeded to a nearby Carvel store and asked a friend employed there to call the police, while the witness kept an eye on the building where the two men had just entered. The witness met the police, who responded 15 to 20 minutes later, and advised them that the two men were still inside the building. As the police were searching the area around the building, the witness saw the two men exit through the front door, and walk eastward on Union Turnpike. The defendant was carrying a large plastic bag which he had not been carrying when he entered the

building. Several police officers approached the two men and arrested them after the witness identified them as the men he saw entering the building.

The testimony of the police officers established that the front door of the building located on Union Turnpike had been "jimmied" and the doctor's office was found in a state of disarray with files strewn on the floor. Three large plastic bags containing office and stereo equipment were recovered by the police at the scene. The bag the defendant was carrying contained two adding machines and a set of black speakers. A second bag found approximately 10 feet from where the two men were apprehended contained a video cassette recorder, and a third bag found about 15 feet from the second bag contained some wires and a stereo amplifier. The testimony at trial also established that this property had been taken from the doctor's office without his permission.

The defendant testified that he and his companion had been walking along Union Turnpike when he observed a large green garbage bag in a metal trash can. He said that he looked inside the bag out of curiosity and noticed several adding machines and a stereo system which he concluded had been abandoned. He testified further that he went into the vestibule of the adjacent building prior to picking up the plastic bag to make sure no one was around, and that he wasn't being "set up". However, he denied ever breaking into the building.

The jury found the defendant guilty of burglary in the third degree, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree. The defendant contends that various instances of prosecutorial misconduct allegedly committed during his cross-examination, and comments made during the People's summation, constitute reversible error. We disagree.

We note that the defendant did not object to several of the allegedly improper comments made during the prosecutor's summation, and therefore he has failed to preserve his claims with respect to them for appellate review (CPL 470.05 [2]). In any event, we conclude that the cumulative effect of the claimed errors, both preserved and unpreserved, was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *cf., People v Simms,* 130 AD2d 525; *People v Jackson,* 143 AD2d 363). Sullivan, J. P., Harwood, Lawrence and Ritter, JJ., concur.