■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND ROSADO, Appellant.— Judgment, Supreme Court, New York County, rendered April 19, 1972, convicting the defendant, after trial of the crimes of robbery in the first degree, grand larceny in the third degree, attempt to commit the crimes of robbery in the first degree and grand larceny in the third degree, reversed, on the law and in the interests of justice, and a new trial is directed. Reversal is mandated for two reasons.  Firstly, trial counsel did not adequately represent his client.  The record discloses a total incapacity of counsel to properly frame questions and to develop a meaningful examination of witnesses. Summation of counsel to the jury was unintelligible and would best have remained unspoken.  The case at bar does not involve errors in judgment or tactics of defense counsel (cf. *People* v. *Tomaselli,* 7 N Y 2d 350; *People* v. *De Renzzio,* 19 N Y 2d 45) but, rather, a complete inability of defense counsel to protect the rights of the defendant, which rendered the trial a mockery of justice (cf. *People* v. *Bennett,* 29 N Y 2d 462).  In addition thereto, the comments of the District Attorney on summation exceeded permissible bounds.  He made comments such as, " I think I am almost making a fool of myself making a summation in the case because the case is open and shut," and " the audacity of the defense in view of this evidence to plead not guilty," and " It takes an absolute idiot for an assistant district attorney to allow either a disagreement or not guilty in this case."  These remarks exceed that balance of fair advocacy which is required of a District Attorney who presumably is acting impartially and in the interest of justice (*People* v. *Fielding,* 158 N. Y. 542, 547; *People* v. *Tassiello,* 300 N. Y. 425, 427; *People* v. *Ross,* 14 A D 2d 519).  The inadequacy of counsel, standing alone, might arguably be insufficient to warrant reversal, since the defendant himself selected this individual to represent him. However, when this lack of representation is exacerbated by the well-meaning but overzealous approach of the District Attorney, a right sense of justice warrants a reversal and remand for a new trial.  Concur — Kupferman, J. P., Tilzer and Lane, JJ.; Steuer, J., dissents in the following memorandum: For two reasons I would affirm.  The majority finds that defendant was inadequately represented.  There is no doubt whatsoever as to the guilt of the defendant, and the record leaves room for none.  No suggestion is presented as to how the facts could have been treated to procure a result more favorable to the defendant.  Secondly, the counsel was defendant's own choice and, had the court denied the defendant the right to be represented by that attorney, he could well claim an infringement of his constitutional rights.  Otherwise a defendant, by a shrewd choice of inept counsel, could avoid conviction indefinitely.

■ LIB/GO TRAVEL, INC., et al. v. FLYFAIRE, INC., et al.— Motion for clarification granted to the following extent: Although this court affirmed the order of August 9, 1973, denying the motion for contempt, such was based solely upon practical and equitable considerations calling for maintenance of the *status quo* pending a full exposition of the merits of the controversy now scheduled for immediate trial.  Concur — McGivern, P. J., Markewich, Nunez, Kupferman and Tilzer, JJ.