Memorandum. From the outset the defendant admitted striking the decedent. The primary question was whether he was justified in doing so (Penal Law, § 35.15). The defense submitted testimony that the decedent not only provoked the defendant by heaping abuse on him and his wife, but that he also proceeded to assault both of them before the defendant struck any blows. And the defendant, taking the stand in his own behalf, stated that he acted as he did only ‘ ‘ to prevent him [the decedent] from swinging at me and hurting me or my wife any further,” The court, in charging on this point, told the jury that they could acquit the defendant only if they found that he justifiably acted in self-defense. The court refused to charge that they could reach the same result if they found that he justifiably acted in defense of his wife. This was clearly error for resort to justifiable use of force is not limited to self-defense but extends to the defense of “ a third person ” as well (Penal Law, § 35.15, suibd. 1) and the trial proof adequately raised this alternative ground as a question of fact for the jury to decide. While it is true, as the prosecutor notes, that *699 the test is the same in either case, the jury was never advised of this during the main charge, or even during the supplementary instructions which they later requested.
The defendant also raised ian issue as to the cause of death. The People’s expert, relying on an autopsy report made by another doctor not available at the trial, expressed the opinion that death had resulted from the blows inflicted during the affray. The defendant’s theory was that death was caused by medical malpractice (see, e.g., People v. Kane, 213 N. Y. 260) and that certain findings in the autopsy report pointed to this conclusion. The prosecution did not offer the report in evidence and the court refused defendant’s request that it be admitted. The defendant claims that this was error and we agree. Had the People made the offer there is no doubt that the report would have been admissible as a public record (People v. Nisonoff, 293 N. Y. 597). The defendant should enjoy an equal right. In short the report was competent proof and relevant to an issue in the case.
We also note that, on several occasions, the District Attorney exceeded the bounds of legitimate advocacy by resorting to name calling, stating for instance during the summation that the defendant and his lawyer were liars (see, e.g., People v. Lombardi, 20 N Y 2d 266). And at another point sought to improperly bolster his ease by suggesting that the defendant had employed a weapon despite the fact that the defendant was tried on an indictment accusing him of inflicting the injuries by his fists alone (cf. People v. Esposito, 224 N. Y. 370). The defendant’s objections to these prejudicial remarks should have been sustained.
Although these errors, considered individually, may not warrant reversal, we are convinced on this record, that the cumulative effect was to deprive the defendant of a fair trial.
Accordingly, the order appealed from is reversed and a new trial granted.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.