■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL JAIME, Appellant. — Judgment, Supreme Court, Bronx County (Walsh, J., at trial and sentence; Schackman, J., at suppression hearing), rendered on May 21, 1979, unanimously affirmed. Concur — Murphy, P.J., Kupferman, Sullivan and Lupiano, JJ.

Carro, J., concurs in a memorandum as follows: The prosecutor in summation impermissibly denigrated both the defense witness and the defendant as liars: "He lied. He lied. He lied * * * He lied. He lied to help his friend, his friend of 15 years, to help his partner in crime * * * If you believe Del Valle, then you are calling [officers] Phelan, Kelly and Stoker liars * * * and I submit that you disregard William Del Valle's testimony in its entirety. It's a last minute effort by a friend, who beat his case, to help another friend who is trying to beat this case. Which brings us to the only other witness, the defendant himself, Miguel Jaime, who is a party to this action with a lot to lose if he is convicted and with a definite interest in the outcome of this case and an obvious motive to lie, to lie." The prosecutor then impermissibly vouched for the credibility of his own witnesses: "He [Officer Phelan] could have lied if this is a frame-up * * * He didn't lie. He told us what really happened * * *˙ He told you the truth. Phelan testified honestly and rightfully * * * What he didn't know, he didn't know. He didn't lie. He didn't lie * * * He had no motive to lie. He had nothing to gain by lying. This wasn't even his arrest. It was Kelly's arrest. He told you the truth. He [Sgt. Stoker] told the truth." It is unprofessional and improper conduct for a prosecutor to express his personal belief as to the truth or falsity of any testimony. To call the defendant and his witness liars on the one hand and to improperly bolster the People's case by personally vouching for the truthfulness of his own witnesses on the other, is to make himself an unsworn witness, supporting his case by his own veracity and

position. This should be condemned in the strongest terms *(People v Mariable,* 58 AD2d 877; *People v Rivera,* 75 AD2d 544; *People v Santiago,* 78 AD2d 666). Were it not for the overwhelming evidence of guilt, the over-all fair trial accorded defendant, and the lack of significant probability that the jury would have acquitted him but for these errors *(People v Crimmins,* 38 NY2d 407, 409), I, in the absence of objection by defense counsel and corrective action by the Trial Judge, might well have urged use of this court's discretionary power of reversal in the interest of justice.