■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TORRES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered April 10, 1981, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered.

On July 18, 1979, at approximately 2:30 A.M., complainants' apartment was burglarized. Both complainants viewed the perpetrator for less than 30 seconds in an apartment illuminated only by streetlights. They then saw the perpetrator for an additional few seconds, through the slats of the second floor fire escape, as he exited the building. One week later, one of the complainants saw defendant in the vicinity of her apartment

and subsequently both complainants identified him to the police as the perpetrator.

At trial, defendant presented an alibi defense. However, the trial court erroneously instructed the jury that it "must be satisfied as to the truth of the alibi". The court failed to expressly state that the People had to disprove the alibi beyond a reasonable doubt and the language employed by the court impermissibly shifted the burden of proof to defendant (*see, People v Victor,* 62 NY2d 374, 377-378; *People v McFadden,* 100 AD2d 520; *see also, People v Rodriguez,* 111 AD2d 881). Moreover, the court's instruction to "carefully scrutinize" the alibi evidence, without giving a corresponding instruction concerning the People's identification evidence, compounded the erroneous impression given to the jury concerning the respective burdens of proof (*see, People v McFadden, supra*).

Additionally, the prosecutor's inquiry concerning the failure of defendant and an alibi witness to report defendant's alibi to the police was improper, and the error was not dispelled by the trial court's limited instruction to the jury to disregard the prosecutor's questioning of defendant only. Defendant's emphatic denial of guilt to the arresting officer, followed by an ambiguous statement that he saw one complainant and "knew she recognized me", does not constitute a detailed admission which would permit the prosecutor to draw an adverse inference from defendant's silence (*cf. People v Savage,* 50 NY2d 673, *cert denied* 449 US 1016). Defendant maintained "effective silence, even if something less than total", and, accordingly, the prosecutor should not have pursued this line of inquiry (*People v Savage, supra,* at p 680).

Similarly, the prosecutor's repeated inquiry, in the jury's presence, concerning why an alibi witness did not contact the police, improperly indicated that the witness was obligated to come forward. The prosecutor failed to lay a proper foundation out of the jury's presence for this cross-examination. Under the circumstances, the witness' testimony that she did not come forward because she "didn't think [she] had to" but did speak to her husband, family and defense counsel, should have sufficed to preclude this inquiry (*see, People v Dawson,* 50 NY2d 311).

We also note that certain of the prosecutor's comments during summation were improper. The prosecutor's consistent implication that defendant and his trial counsel had concocted the alibi, through the use of phrases such as "doomsday sham", "unbelievable defense", "smokescreen" and "[c]onfusion defense", clearly exceeded the bounds of proper rhetorical comment. His remark that, if the jury acquitted defendant, "that verdict [will] ring

from one end of the county to the other" improperly suggested that the jury would be subject to scorn and ridicule if they acquitted defendant.

Although none of the aforementioned errors has been preserved for our review as a matter of law, the complainants' opportunity to view defendant was so limited as to raise strong doubts concerning their ability to correctly identify the perpetrator and, therefore, a new trial is warranted in the interest of justice. Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.