■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCTAVIO ORTIZ, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Lentol, J.), rendered February 9, 1981, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (Hutcherson, J.), dated January 10, 1985, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment is reversed, on the law and as a

matter of discretion in the interest of justice, and a new trial is ordered; and is is further,

Ordered that the appeal from the order is dismissed as academic in light of the determination on the appeal from the judgment.

Reversal of the judgment of conviction is required because of the prosecutor's numerous prejudicial comments during his summation which deprived the defendant of a fair trial. The persistent theme characterizing the prosecutor's summation was that the defendant and his witnesses were "liars" and that the People's witnesses, whose credibility the prosecutor repeatedly vouched for, were entirely truthful and had no motive to lie. In introducing his remarks, the prosecutor first informed the jury that, "I think the testimony of all of his [the defendant's] witnesses clearly indicate *[sic]* that they were lying". Thereafter, the prosecutor twice told the jury that defendant had "lied to * * * unemployment", had "lied" to a Detective Gonzalez and had lied to an Assistant District Attorney. Immediately following this remark, the prosecutor concluded that the "man is a liar and he is a good liar. But he is also a murderer". Finally, the prosecutor returned to this theme, when, in concluding his remarks, he bluntly commented that if the defendant "is lying he should be found guilty of murder". This court has repeatedly disapproved of a prosecutor making such statements *(see, People v Ricchiuti,* 93 AD2d 842, 845; *People v Whitehurst,* 87 AD2d 896; *People v Alston,* 77 AD2d 906; *see also, People v Shanis,* 36 NY2d 697, 699; *People v Shaw,* 112 AD2d 958, 959).

Moreover, the prosecutor improperly injected his own beliefs into his summation by gratuitously suggesting that the defendant's life-style and associations were indicative of guilt. Thus, he commented "[y]ou see, the defendant is living two lives. On one side he has got his wife and child and his family. On the other side he has got friends like Vergara, street people who have been in trouble with the law. People who hang out on the street". The prosecutor returned to this refrain by remarking that the defendant's neighborhood was "bad" and by then commenting that "there is trouble there all the time. That does not mean that defendant is guilty of murder. But it sets the scene". Further, the prosecutor improperly described the defense as a "smokescreen" created so that the jury "would not consider the evidence" *(see, People v Torres,* 111 AD2d 885, 886). Finally, after arguing that the defense was one depending on sympathy and counseling the jury not to consider sympathy, the prosecutor himself appealed to the

jury by commenting that "[i]f you were to consider sympathy of the defendant and his family, what about sympathy to the Guerrero family. Jose Guerrero's life was taken for no reason". Although many of these comments were not objected to at the trial, "[i]n a case involving close factual issues, such as this one, bolstering comments such as these will be subject to review despite the lack of objection" *(People v Ricchiuti, supra,* at p 845). In our view, considering the less than overwhelming nature of the People's case, we conclude that the defendant is entitled to a new trial. Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.