■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SIMMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered December 11, 1985, convicting him of attempted assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

We find that the defendant was deprived of his right to a fair trial by virtue of numerous instances of prosecutorial misconduct which occurred throughout the course of the trial. The most serious incident of misconduct occurred when the prosecutor persistently elicited testimony which the court had previously suppressed as hearsay. Thereafter, the prosecutor, despite having been warned not to do so, improperly referred to this suppressed hearsay during summation. Reference to this highly damaging inadmissible testimony, in flagrant disregard of the trial court's rulings, constitutes reversible error (see, People v Stewart, 92 AD2d 226; People v Billingsley, 74 AD2d 645).

In addition to the foregoing, the prosecutor repeatedly alluded to facts which were not in evidence, essentially forced

the defendant to say that the prosecution witnesses were lying *(see, People v Sepulveda,* 105 AD2d 854; *People v Calderon,* 88 AD2d 604; *People v Santiago,* 78 AD2d 666), characterized the defense summation as a "fairy tale" *(see, People v Langert,* 105 AD2d 845, 846), vouched for the credibility of prosecution witnesses while denigrating the defense *(see, People v La Rosa,* 112 AD2d 954; *People v Ricchiuti,* 93 AD2d 842), and otherwise exceeded the bounds of proper rhetorical comment during summation. In a case such as this, where the evidence of guilt was far from overwhelming, where the misconduct was pervasive, and where the jury was not fully apprised of the impropriety of some of the statements made by the prosecutor, a reversal is warranted, and a new trial must be held. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.