■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DENNIS JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered October 14, 1986, convicting him of burglary in the third degree, criminal possession of stolen property in the third degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

While many of the errors complained of were not objected to at the trial, we nevertheless feel compelled, under the circumstances of this case, to reach them in the interest of justice and to reverse *(People v Ortiz,* 125 AD2d 502; *People v Hamilton,* 121 AD2d 176).

The prosecutor attempted to denigrate the defendant's testimony by stating that the defendant's version of the facts was a fabrication concocted after hearing the People's witnesses; by stating on some 10 separate occasions that defense counsel's summation was intended to cloud the issues; by contending that the "whole cloud which was painted is a joke" which he (the prosecutor) was going to try to clean; and by claiming that defense counsel had tried to draw attention away from the real issues by his "talking softly", "friendly attitude", and "nice mannerism", just "like in the movies". We conclude that under the circumstances, the defendant was unduly prejudiced by the prosecutor's action.

It was improper for the prosecutor to attack a defendant's testimony on the grounds that he had fabricated his case after hearing the People's witnesses *(see, People v Bolden,* 82 AD2d 757); it was improper for the prosecutor to label the defense argument as a "cloud" and cast himself as the guardian of truth ("Before you note it, it's so cloudy I'm going to try to clean it") *(see, People v Torres,* 111 AD2d 885); and it was improper for the prosecutor to denigrate his adversary's personal attributes *(see, People v Butler,* 67 AD2d 950).

Moreover, the court's failure to charge the jury on the limited purpose for which prior convictions could be considered is error *(see, People v Williams,* 112 AD2d 177; *People v Moorer,* 77 AD2d 575).

With reference to the People's contention that taken individually, these are harmless errors, we note that sufficient harmless errors must ultimately be deemed harmful *(People v Rosa,* 108 AD2d 531). Brown, J. P., Lawrence and Balletta, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment

appealed from with the following memorandum: I disagree with my colleagues' conclusion that combined improprieties surrounding the prosecutor's summation and the trial court's charge deprived the defendant of a fair trial and warrant a reversal of the judgment appealed from in the interest of justice. In addition to the fact that most of the alleged errors cited by the defendant have not been preserved for appellate review (see, People v Thomas, 50 NY2d 467, 471; CPL 470.05 [2]), there is, in my view, no significant probability that the jury would have acquitted the defendant had those errors not occurred (see, People v Williams, 112 AD2d 1017).

Among the specific objections raised by the defendant were the prosecutor's repeated allusions to defense counsel's clouding of the issues and to his reference to the defendant's version of events in the following fashion: "The whole cloud which was painted is a joke". Unlike the situation in People v Brown (111 AD2d 248, 250), where the prosecutor characterized the defense counsel's arguments as a cloud of black ink used to confuse the issues, and made the following statement: "I am going to lead you through that cloud of confusion to the truth", the prosecutor in the instant case used "clouds" as a metaphor by which he challenged the credibility of the defendant's testimony and by which he categorized defense counsel's attacks on the People's evidence. The prosecutor did not, by means of his references to the cloud metaphor, cast aspersions on defense counsel's motives or claim to be the sole guardian or beacon of truth. Nor did he so demean the defense case by characterizing it as "razzle dazzle", "the old three-ring circus", a "con" or a "fairy tale", which characterizations have been condemned by this court on prior occasions (see, People v Ciervo, 123 AD2d 393, 396; People v Simms, 130 AD2d 525, 526). The subject references were merely illustrative of the prosecutor's legitimate argument that the evidence of guilt was clear and that defense counsel's arguments to the contrary merely clouded that clarity. They by no means rendered the trial inherently unfair.

In response to defense counsel's assertions that the arresting officer tailored his testimony and exaggerated so as to make each and every individual who was stopped inside or outside the store appear culpable and that his testimony was an effort on his part to guarantee a conviction "because he did not have a strong case against everybody that he had arrested", the prosecutor took note of the fact that the codefendants heard the testimony of the People's witnesses before they testified. While this comment was unnecessary, it does

not warrant reversal in the interests of justice. Moreover, the prosecutor's limited comments on the defendant's inability to answer questions consistently and unequivocally were clearly not improper.

The prosecutor's isolated references to defense counsel talking "softly" and having a nice "mannerism" cannot reasonably be construed as an effort on his part to denigrate his adversary's personal attributes (cf., People v Butler, 67 AD2d 950). Rather than casting aspersions on defense counsel by means of such commentary, the prosecutor was simply directing the jurors' focus to the evidence adduced at trial as opposed to the demeanor of the attorneys.

The fact that a trial was not without blemishes and failings does not necessarily imply that it has been unfair (People v Garcia, 72 AD2d 356, 360, affd 52 NY2d 716). Notwithstanding the fact that a defendant's trial may not have been error free, appellate courts are constrained to determine appeals without regard to technical errors or defects which do not affect the substantial rights of the parties (CPL 470.05 [1]). Reversing a judgment on the ground of prosecutorial misconduct constitutes an ill-suited remedy inasmuch as it "does not affect the prosecutor directly, but rather imposes upon society the cost of retrying an individual who was fairly convicted" (United States v Modica, 663 F2d 1173, 1184, cert denied 456 US 989).

Stated succinctly, while some of the remarks made by the prosecutor would have been better left unsaid, they cannot be said to have deprived the defendant of his right to a fair trial (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837). The defendant was caught red-handed while participating in the burglary of a grocery store. The inherently consistent and essentially unimpeached testimony of the People's witnesses overwhelmingly established the defendant's guilt. The defendant's sole defense was his incredible testimony that the police framed him for looting a grocery store simply because he was in close proximity to the store at the time. There exists no reasonable probability that the jury's verdict would have been different but for the purported errors committed by the prosecutor.

Nor do I find any merit to the defendant's contentions regarding the alleged improprieties surrounding the charge rendered by the trial court. The charge, considered as a whole, adequately conveyed the elements of burglary to the jury. Inasmuch as the defendant was apprehended by the police

officers in the act of committing a crime inside the grocery store, neither identification nor intent was properly at issue in this case. Unlike the situation presented in *People v Williams* (112 AD2d 1017, *supra),* a closely contested prosecution in which the crux of the People's case revolved around the identification testimony of the complainant, the court's failure to charge the jury with respect to the limited applicability of evidence regarding the defendant's prior convictions was not, under the circumstances of this case, reversible error. Given the overwhelming evidence of the defendant's guilt, the alleged errors in the charge were harmless.

Inasmuch as the issues raised by the defendant are devoid of merit, I vote to affirm the judgment appealed from.