■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK LANGFORD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thorp, J.), rendered April 13, 1987, convicting him of robbery in the second degree, grand larceny in the third degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the first count of the indictment charging the defendant with robbery in the second degree is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury (see,

*People v Beslanovics,* 57 NY2d 726), and a new trial is ordered.

While many of the errors complained of were not objected to at trial, we nevertheless feel compelled, under the circumstances of this case, to reach them in the interest of justice and to reverse the judgment of conviction *(see, People v Jackson,* 143 AD2d 363).

A review of the record reveals many instances where the prosecutor overstepped the bounds of proper conduct. For instance, during his cross-examination of Mr. Gilford, one of the defendant's alibi witnesses, the prosecutor asked if he had ever been charged with possession of drugs, even though Gilford had never been convicted of any such crime. The prosecution also asked several questions which intimated that Gilford had been involved in the robbery, and then attempted to delve into the issue as to exactly when Gilford had divulged to defense counsel certain exculpatory information. Moreover, despite being warned by the trial court to avoid the latter line of questioning, the prosecutor asked Gilford whether he would still come into court and tell the truth even if he had participated in the robbery. The prosecutor also engaged in a rather unseemly argument with the defendant as to the defendant's height, and adopted a sarcastic and demeaning tone during his cross-examination of the defendant's sister.

The record also reveals that the prosecutor made numerous improper remarks during the course of his summation. In summation a prosecutor must stay within the " 'four corners of the evidence' " and avoid irrelevant comments which have no bearing on any legitimate issue in the case *(People v Ashwal,* 39 NY2d 105, 109).

In the case at bar, the prosecutor noted in summation that the complainant had a "special mental talent" for remembering facts, suggested that she could not possibly forget the face of the man who robbed her, that she had no motive to lie, and further emphasized that she would not willfully lie to the jury. We have often held, especially in close cases revolving around the identification testimony of the complainant, as is this case, that comments "which indicate to the jury that in order to acquit the defendant they must find that the complainant lied, are improper and prejudicial" *(People v Farmer,* 122 AD2d 801, 803), since such comments tend to divert the jury's attention away from the central issue of identification and to shift the burden of proof thereon to the defendant *(see, People v Williams,* 112 AD2d 177). It was also improper for the prosecutor to denigrate defense counsel, the defense wit-

nesses and the alibi defense *(see, People v Torres,* 111 AD2d 885). Furthermore, the prosecutor's statement that "if you say to [the complainant], if you're robbed by yourself you can't get a verdict in this county, that's impermissible", was highly inflammatory and prejudicial to the defendant in this case *(see, People v Tufano,* 69 AD2d 826).

The prejudice to the defendant which arose from the persistent pattern of misconduct and impropriety committed by the prosecutor was further compounded by the trial court's incomplete charge to the jury on the alibi defense. As part of its instructions to the jury, the trial court stated that "if the alibi testimony creates a reasonable doubt in your minds that the defendant is the person who committed the crimes charged, you must find him not guilty". While that instruction is not patently erroneous *(see,* 1 CJI[NY] 12.10, at 696-697), standing alone, it could have been interpreted by the jury that the defendant bore the burden of proof with respect to his alibi defense. However, it is well established that "the People have the burden of disproving an alibi beyond a reasonable doubt, and a Judge must unequivocally state that burden in the jury charge" *(People v Victor,* 62 NY2d 374, 378; 1 CJI[NY] 12.10, at 696-697). Here, the trial court failed to adequately convey in a clear manner that the People had that burden.

The cumulative harmful effect of the various errors cannot be doubted. This was a close case in which the reliability of the identification was the central issue and in which the testimony of the single identification witness was not overwhelming. Although the complainant testified that at the time of the robbery she had described her assailant as being "a black male, no hat, wearing a gray full-length coat, [with] his hands in his pockets, average build, average height" and between 28 and 30 years old, the police complaint report described the assailant as being 5 feet, 7 inches tall, 180 pounds, with brown eyes and black medium-length hair, and about 35 years old. The defendant was 5 feet, 11 inches tall, weighed 169 pounds, and was only 23 years old at the time of the trial. The vagueness of the complainant's description, coupled with the discrepancies between her description and the defendant's appearance, as well as the discrepancies between the two descriptions given by the complainant, casts grave doubts on the accuracy of her identification of the defendant as the perpetrator *(see, People v McCann,* 101 AD2d 843).

We note that while the complainant testified that she sustained a bump on her head and a "sprained" ankle as a

result of the robbery, she did not immediately seek medical attention for her injuries. According to the complainant, she saw her doctor two days after the incident and he applied a "cold ace cast" to her leg. However, she never testified as to whether she experienced any substantial pain or any impairment of a physical condition within the meaning of Penal Law § 10.00 (9). Moreover, her testimony was not supported by any medical records or other independent evidence. On this record, the evidence is insufficient to establish that the complainant suffered a physical injury as required to sustain a conviction for robbery in the second degree (see, People v Goins, 129 AD2d 733). Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.