■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BONILLA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his arrest was not based upon probable cause and, therefore, the physical evidence seized from his vehicle and "the showup identification" should have been suppressed. We disagree. The facts and circumstances known to the arresting officers were sufficient to lead a reasonable person who possessed the same expertise as the officers to conclude that a robbery had been committed at the Kwik-Fil station and that defendant and his codefendant were its perpetrators (see, People v McRay, 51 NY2d 594, 602).

Defendant's remaining contentions do not require reversal. We again remind prosecutors that comments made during summation which characterize defendant as a liar or his testimony as lies exceed the bounds of legitimate advocacy and are clearly improper (see, People v Bailey, 58 NY2d 272, 277; People v Shanis, 36 NY2d 697, 699; People v Lombardi, 20 NY2d 266; People v Ortiz, 125 AD2d 502, 503; People v Ricchiuti, 93 AD2d 842, 845). (Appeal from Judgment of Monroe County Court, Celli, J.—Robbery, 1st Degree.) Present —Dillon, P. J., Denman, Green, Lawton and Davis, JJ.