■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MCREYNOLDS, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph Mazur, J.), rendered on December 5, 1988, which convicted defendant of criminal sale of a controlled substance in the third degree, after a jury trial, and sentenced him to an indeterminate term of imprisonment of six to twelve years, unanimously reversed, on the law and the facts and as a matter of discretion in the interest of justice, and the matter is remanded for a new trial.

We reverse in the interest of justice because the prosecutor's ad hominem remarks during summation, directed at defense counsel, so overstepped the bounds of permissible comment that appellant was denied a fair trial.

During summation, a prosecutor may respond to defense counsel's summation, but it is improper to mischaracterize the defense and impugn the defense counsel's integrity. (People v Galloway, 54 NY2d 396, 398; People v Matthews, 33 AD2d 679; People v Ortiz, 116 AD2d 531 [1st Dept 1986].) Here, the prosecutor exceeded permissible bounds by calling the defense counsel's arguments "worthless", and vouching for his argument that the defense was a fabrication. At one point he

stated, "There is a lot of fabrication going on in this courtroom but it is not coming from the witness stand, I swear to you." Counsel's integrity was not at issue, and it was, accordingly, highly inappropriate to urge that counsel was attempting to mislead the jury. *(People v Steinhardt,* 9 NY2d 267, 271.)* In light of the prosecutor's comment that certain testimony went uncontradicted, he should not have offered his personal assurance that the testimony he produced was credible. *(People v Petrucelli,* 44 AD2d 58.)*

Based on the prosecutor's improper summation, the appellant was denied his due process right to a fair trial.

Appellant's motion to enlarge the record is denied as moot. Concur—Murphy, P. J., Wallach, Asch, Kassal and Smith, JJ.