■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BELL, Appellant. [595 NYS2d 191] —Judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered June 28, 1990, convicting defendant, after a jury trial, of two counts of robbery in the second degree and sentencing him, as a second felony offender, to concurrent indeterminate terms of six to twelve years imprisonment, unanimously reversed, on the law and as a matter of discretion in the interest of justice, the conviction vacated and the matter remanded for a new trial.

In this retrial of charges arising from the gunpoint robbery of a part-time livery cab driver and his common-law wife by their passenger, the prosecutor, on redirect examination, impermissibly bolstered the driver's description of the perpetrator's facial hair by eliciting his prior consistent statements made at the first trial, which delved into unrelated aspects of the description without even attempting to clarify the subject matter of the cross-examination bearing upon the issue (see, People v Melendez, 55 NY2d 445, 451-452). This, coupled with the prosecutor's repetitive and haranguing comments in summation, a practice repeatedly condemned by this Court (People v Martin, 172 AD2d 268, 270; see also, People v Clemons, 166 AD2d 363, 366), that defendant, who admitted lying at the first trial about his activities earlier in the day of the robbery, had lied about other matters as well, and his vouching for the credibility of one of the police witnesses, cumulatively served to prejudice defendant and deprive him of a fair trial, especially where the evidence of guilt was not overwhelming, the first trial having ended with a hung jury (see, People v Hansen, 141 AD2d 417, lv withdrawn 72 NY2d 919; People v Shanis, 36 NY2d 697). Although unpreserved by appropriate objection, we consider the question of the prosecutor's improper comments during summation in the interest of justice (CPL 470.15 [6] [a]). Concur—Milonas, J. P., Ellerin, Kupferman and Kassal, JJ.