■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY WALTERS, Appellant. [674 NYS2d 114] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered February 1, 1995, convicting him of attempted murder in the second degree, robbery in the first degree (three counts), robbery in the second degree, assault in the first degree, assault in the second degree, criminal posses-

sion of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant's right to be present for all material stages of his trial was not violated by his absence from that portion of his *Wade* hearing referred to in his brief (*see, People v Morales*, 80 NY2d 450; *People v Dokes*, 79 NY2d 656, 660).

However, the prosecutor exceeded the boundaries of appropriate advocacy. Defense counsel objected to many of the prosecutor's improper summation comments and moved for a mistrial both during and after the prosecutor's summation. To the extent that the defendant's objections to some of the improper summation comments were not properly preserved for appellate review, we pass upon them under our authority to do so in the interest of justice (*see*, CPL 470.15 [6] [a]).

It was improper for the prosecutor to persist in making purposefully inflammatory remarks designed to appeal to the jury's sympathy (*see, People v Ashwal*, 39 NY2d 105, 106). The prosecutor's remarks during his summation, *inter alia*, that the victim was left "on the street to die, to die like a dog", and that but for the crime, "was probably going to be a brilliant artist", and his invitations to "imagine what a shock it was to [the victim's wife], who's eight months pregnant", were unnecessary and improper.

The prosecutor also improperly shifted the burden of proof to the defendant when, during his summation, he asked the jury, rhetorically, "did [the defendant] call any additional witnesses?", and then supplied the answer, "no". Similarly, it was improper to tell the jury that "the only real evidence is the People's evidence" (*see, e.g., People v Torres*, 223 AD2d 741, 742). The prosecutor's accusation, also during summation, that the defendant tailored his own testimony after he heard the testimony of prosecution witnesses, was likewise improper (*see, People v Butler*, 185 AD2d 141; *People v Negron*, 161 AD2d 537).

The prosecutor in his summation improperly described the defendant's testimony as "continued lies on top of lies, on top of lies", and "tales and lies, back and forth, back and forth" (*see, e.g., People v Nevedo*, 202 AD2d 183; *People v Ortiz*, 125 AD2d 502; *People v Valdivia*, 108 AD2d 885; *People v Jaime*, 84 AD2d 696; *People v Goggins*, 64 AD2d 717). Furthermore, the prosecutor gave his own opinion regarding the truth and

falsity of witnesses' testimony, and vouched for the victim's credibility (*see, People v Bailey*, 58 NY2d 272; *People v Whitehurst*, 87 AD2d 896).

Most egregious was the prosecutor's insinuation that the gun which had been recovered from the defendant two weeks after the crime in an unrelated arrest, may have been the gun which was used to shoot the victim. He persisted with this implication despite his knowledge that the ballistics test performed by police conclusively established that the gun had not been used in the crime. The prosecutor's conduct in advocating a position which he knew to be false was an abrogation of his responsibility as a prosecutor (*see, People v Cotton*, 242 AD2d 638).

The prejudice to the defendant was compounded, and the prosecutor's misconduct was not only condoned in the eyes of the jury, but perhaps also encouraged, by the court's improper overruling of defense counsel's objections to blatantly improper remarks and, at one point, berating the defendant's attorney for continually interrupting the prosecutor's closing, and telling him to sit down (*see, People v De Jesus*, 42 NY2d 519; *People v Kent*, 125 AD2d 590). Since the evidence in this one-witness identification case was not overwhelming, a new trial is required (*see, People v Bailey, supra*).

In light of the foregoing, we do not reach the defendant's remaining contention. Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.