THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN ROBINSON, Appellant. [689 NYS2d 163] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered December 9, 1997, convicting him of robbery in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

On the night of October 18, 1996, the complainant was walking to his home when he was grabbed from behind and robbed by two men. Shortly after the robbery, the complainant canvassed the neighborhood with the police and pointed out

the defendant as one of the perpetrators. At trial, the defendant raised a mistaken identification defense, and called a witness who confessed to the robbery and asserted that the defendant had not been involved in it.

On appeal, the defendant contends that he was deprived of a fair trial by the prosecutor's conduct on summation. We agree that the prosecutor's summation comments exceeded the boundaries of appropriate advocacy, and unfairly prejudiced the defendant. Although the defendant did not properly preserve some of his present claims for appellate review, we pass upon them under our authority to do so in the interest of justice (*see,* CPL 470.15 [6] [a]).

The record reveals that the prosecutor began his closing argument by improperly vouching for the complainant's truthfulness, and informing the jury that they would "walk this guy [the defendant] right out the door" if they believed that the complainant was "full of crap" (*see, People v Robinson,* 191 AD2d 595; *People v Ortiz,* 125 AD2d 502, 503). The prosecutor then attempted to appeal to the " 'sympathies and fears of the jury' " (*People v Nevedo,* 202 AD2d 183, 185, quoting *People v Ortiz,* 116 AD2d 531, 532), by describing the elderly, disabled complainant as someone who would be a "classic victim anywhere in this city" (*see also, People v Walters,* 251 AD2d 433).

The prosecutor also persistently disparaged the defense case, remarking that the defense was following a "script" that was "like right out of Perry Mason". Continuing with this theme, the prosecutor accused the defense of manufacturing certain evidence, and claimed that the defense witness who confessed to the robbery had "perjur[ed] himself", and was "more full of crap than a Christmas turkey". Defense counsel's objections to these denigrating comments were overruled. While the court did subsequently sustain objections to additional comments about the veracity of the defense witness and his motivation for confessing to the crime, the prosecutor, undeterred, continued to improperly convey his opinion that the witness was a liar who had been coerced into following a script (*see, People v Bailey,* 58 NY2d 272, 277; *People v Walters, supra*; *People v Ortiz,* 125 AD2d 502, 503, *supra*).

Furthermore, although a defendant has a constitutional right to a public trial, the prosecutor told the jury that he was "ticked off" because members of the defendant's family were present in the courtroom when the defense witness testified, and suggested that they were present as part of the script, and because they knew something about the witness that they were holding

over his head. The prosecutor then concluded his summation by urging the jurors to honor their oaths, and by remarking that "[t]he only way this defendant walks out of the courtroom is if you let him".

While we recognize that counsel is to be afforded wide latitude in making a closing argument, "summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his command" (*People v Ashwal,* 39 NY2d 105, 109). Here, in his zeal to convict, the prosecutor apparently lost sight of the fact that his mission is " 'not so much to convict as it is to achieve a just result' " (*People v Bailey, supra,* at 277, quoting *People v Zimmer,* 51 NY2d 390, 393). Accordingly, since we cannot say that the proof of guilt in this one-witness identification case was overwhelming, a new trial is required (*see, People v Walters, supra*).

In light of our determination, we need not address the defendant's remaining contention. S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.