■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERIEN WASHINGTON, Appellant. [718 NYS2d 385] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered June 2, 1997, convicting him of rape in the first degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree, upon a jury

verdict, and imposing sentence, and (2) a resentence of the same court, dated June 10, 1997, which resentenced him on his conviction of sexual abuse in the first degree.

Ordered that the judgment and resentence are reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). However, we find that, due to various errors, a new trial is warranted.

At the trial, the complainant testified that after she was unable to operate the lock to the front door of the defendant's apartment and leave, the defendant pushed her into a bedroom and forced her to have sexual intercourse with him. The defendant testified and presented evidence that the complainant had described the sexual intercourse as consensual, and that the complainant fabricated the charges some time after the incident when she was confronted by her mother with her chronic truancy from school. Given the close questions of credibility presented by such testimony, the trial court erred in precluding the defendant from introducing the testimony of an individual who had heard the complainant describe her sexual encounter with the defendant as consensual (*see, People v Duncan,* 46 NY2d 74; *People v Wise,* 46 NY2d 321), and by precluding the proposed testimony of the defendant's mother that the complainant, contrary to her testimony on cross-examination, had returned to the defendant's apartment after the incident and had successfully operated the lock to the front door (*see, People v Beavers,* 127 AD2d 138). Further, it was error to preclude the defendant from explaining the circumstances surrounding an alleged incriminatory statement he made to the police concerning the incident (*see, People v Boyd,* 256 AD2d 350; *People v Gentile,* 127 AD2d 686; *People v Goodman,* 59 AD2d 896).

We note that on summation, the prosecutor argued that the defendant's testimony was "a lie" and "a pile of crock," and was "fabricate[d]" after having had "the benefit of counsel," and that the defense theory of the case was "patently absurd" and that the jury should not be "fooled" by it. These remarks were improper and should not be repeated (*see, People v Walters,* 251 AD2d 433; *People v Ricchiuti,* 93 AD2d 842; *People v Rob-*

*inson,* 260 AD2d 508; *People v Jackson,* 143 AD2d 363; *People v Diaz,* 170 AD2d 202).

The defendant's remaining contentions lack merit. Ritter, J. P., S. Miller, Luciano and Smith, JJ., concur.