■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARRETT SMITH, Appellant. [733 NYS2d 237] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 15, 2000, convicting him of robbery in the third degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defense counsel objected to many of the prosecutor's improper summation comments and moved for a mistrial on that ground after the conclusion of the summation. To the extent that the defendant's objections to some of the improper summation comments were not properly preserved for appellate review, we pass upon them under our authority to do so in the exercise of our interest of justice jurisdiction (*see,* CPL 470.15 [6] [a]).

Here, the defendant was accused of forcibly taking a chain

and a \$10 bill from the complainant, a person who allegedly was acquainted with him. There was a second person accompanying the victim at the time of the incident. This second person was described as partially paralyzed and unable to speak and did not testify at the trial.

During summation, the prosecutor improperly and repeatedly stated unqualified pronouncements of the defendant's guilt, often inappropriately injecting her personal views. She stated, for example, that, "of course he did it. This isn't an issue of who did it." Furthermore, the prosecutor continually vouched for the witnesses' credibility, which is also improper (*see, People v Bailey,* 58 NY2d 272; *People v Walters,* 251 AD2d 433). Additionally, the prosecutor improperly appealed to the sympathy of the jury by commenting that the victim was "courageous" for going to the police and for "coming before you" and that the victim was "ill" but still came to court (*see, People v Robinson,* 260 AD2d 508).

The prosecutor also repeatedly referred to the evidence as "uncontroverted." This was a veiled and improper reference to the defendant's failure to testify, which improperly shifted the burden of proof (*see, People v Torres,* 223 AD2d 741; *cf., People v Allen,* 127 AD2d 840). Lastly, the prosecutor stated several times that the second person at the scene was unable to testify because he could not speak, but implied that if he had, he would have fully corroborated the complaining witness.

While no single remark was so outrageous as to warrant a new trial, their cumulative effect served to deprive the defendant of his right to a fair trial (*see, People v Calabria,* 94 NY2d 519). Since the evidence in this one-witness identification case was not overwhelming, we cannot deem this harmless error, and a new trial is required (*see, People v Bailey, supra*; *People v Robinson, supra*; *People v Walters, supra*). O'Brien, J. P., Goldstein, Schmidt and Smith, JJ., concur.