■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PAGAN, Appellant. [769 NYS2d 741]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered July 24, 2001, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

While the defendant's objections regarding comments made by the prosecutor during summation were not properly preserved for appellate review, we nevertheless review them in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]). During summation, the prosecutor improperly denigrated the defense by repeatedly accusing the defendant of "lying" on the witness stand and tailoring his testimony to conform to the People's proof (see People v Shanis, 36 NY2d 697 [1975]; People v Washington, 278 AD2d 517 [2000]; People v Walters, 251 AD2d 433 [1998]; cf. Portuondo v Agard, 529 US 61 [2000]; People v Russo, 201 AD2d 512 [1994], affd 85 NY2d 872 [1995]), and by stating that the defense counsel had tried to "trip . . . up" and "confuse" the complainant on cross-examination and mislead the jury in summation by asking it to focus on irrelevant issues (see People v Ortiz, 125 AD2d 502 [1986]; People v Jackson, 143 AD2d 363 [1988]; People v Brown, 111 AD2d 248 [1985]). In addition, the prosecutor repeatedly vouched for the complainant's credibility, stating that he was "perfectly candid," "being forthright," and "very accurate," stating that "I submit to you that [his] testimony is credible and it is also accurate," and arguing that he had no motive to lie (see People v Blowe, 130 AD2d 668 [1987]; People v Ortiz, 125 AD2d 502 [1986]; People v Ricchiuti, 93 AD2d 842 [1983]). The prosecutor also implied that the jury would have to find that the complainant had lied on the witness stand in order to acquit the defendant, which impermissibly shifted the burden of proof to the defendant (see People v Bull, 218 AD2d 663 [1995]; People v Langford, 153 AD2d 908 [1989]; People v Bonaparte, 98 AD2d 778 [1983]). Finally, the prosecutor inappropriately insinuated that the defendant should not have elected to exercise his right to a trial because he was "caught red-handed" (see People v Rivera, 116 AD2d 371 [1986]; People v Rosado, 43 AD2d 916 [1974]).

We agree with the defendant that the cumulative effect of the prosecutor's improper summation comments deprived him of his right to a fair trial (see People v Calabria, 94 NY2d 519 [2000]; People v Jamal, 307 AD2d 267 [2003]). Since the evi-

dence in this case was less than overwhelming, we cannot deem this error harmless, and a new trial is required (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Bonaparte, supra; People v Alston*, 77 AD2d 906 [1980]). Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.