■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE BROWN, Appellant. [812 NYS2d 561]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered December 16, 2002, convicting him of robbery in the first degree and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant contends that because he was denied the right to counsel at an investigatory lineup, the identification testimony of one of the complainants should have been suppressed. While generally there is no constitutional right to counsel at an investigatory lineup prior to the commencement of formal adversarial proceedings, where the police are aware that the defendant is represented by counsel on the charge under investigation, or on an unrelated charge, and the defendant specifically asks for counsel, then the right to counsel at the lineup is triggered (see Kirby v Illinois, 406 US 682 [1972]; People v Wilson, 89 NY2d 754 [1997]; People v LaClere, 76 NY2d 670 [1990]; People v Coates, 74 NY2d 244 [1989]). Here, there was no evidence that the defendant was represented by counsel on the charges under investigation, or any other charge, at the time of the lineup, or that the police were aware of any alleged representation. Consequently, the police did not violate the defendant's rights when they proceeded with the lineup in the absence of counsel (see People v Hawkins, 55 NY2d 474 [1982], cert denied 459 US 846 [1982]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

While the defendant's contentions regarding comments made

by the prosecutor during summation were not properly preserved for appellate review, we nevertheless review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). During summation, the prosecutor improperly denigrated the defense by repeatedly referring to the defendant's testimony as a "story" and a "load of garbage," suggesting that the defendant lied on the witness stand, and stating that the defendant "had all the time in the world to tailor his testimony" to conform to the People's proof (*see People v Pagan*, 2 AD3d 879 [2003]; *People v Washington*, 278 AD2d 517, 518 [2000]; *People v Walters*, 251 AD2d 433 [1998]).

In addition, the prosecutor repeatedly vouched for the credibility of the People's witnesses, stating that they were "credible and accurate," and telling the jury that one witness "told you the truth," while the other "told you exactly how it happened" (*see People v Pagan, supra; People v Blowe*, 130 AD2d 668, 671 [1987]). The prosecutor inappropriately appealed to jurors' sympathy when she told them, "God forbid you had a gun pointed at your side" (*see People v Walters, supra*).

We agree with the defendant that the cumulative effect of the prosecutor's improper summation comments deprived the defendant of his right to a fair trial (*see People v Pagan, supra; People v Walters, supra*). Since the evidence in this case was less than overwhelming, we cannot deem this error harmless, and a new trial is required (*see People v Crimmins*, 36 NY2d 230, 241 [1975]). Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.