OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law and as a matter of discretion in the interest of justice, and matter remanded to the court below for a new trial.
Defendant, a public school teacher, was convicted, after a jury trial, of public lewdness (Penal Law § 245.00), exposure of a person (Penal Law § 245.01), and endangering the welfare of a child (Penal Law § 260.10), arising out of conduct involving a student. In our opinion, the judgment of conviction must be reversed because the prosecutor’s summation so “exceeded the bounds of fair advocacy” (People v Calabria, 94 NY2d 519, 523 [2000]) as to warrant a new trial.
While the prosecution has wide latitude to “comment upon every pertinent matter of fact bearing upon the questions the jury [has] to decide,” such latitude does not permit “an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all rhetorical devices at his command. There are certain well-defined limits” (People v Ashwal, 39 NY2d 105, 109 [1976] [internal quotations marks omitted]). Moreover, the fundamental obligation of a prosecutor is to seek justice, and not merely obtain a conviction (People v Miller, 149 AD2d 439, 440 [1989], citing Code of Professional Responsibility EC 7-13).
In the present case, the prosecutor’s summation was rife with improper remarks which were neither responsive to the defense summation (cf. People v Galloway, 54 NY2d 396 [1981]), nor “fair comment on the evidence” (cf. People v Campbell, 271 AD2d 693 [2000]). Although some of the statements at issue on *71 this appeal were made without objection and therefore were not properly preserved for appellate review (see CPL 470.05 [2]), we nonetheless pass upon them in the interest of justice (see CPL 470.15 [3] [c]; [6] [a]).
The prosecutor began his summation by blatantly vouching for the credibility of his complaining witness (see People v Bailey, 58 NY2d 272 [1983]). He persistently referred to the fact that the complainant had told the same story to various school personnel, several law enforcement authorities, and ultimately to the jury, and suggested that she was a credible witness because her testimony was consistent. The prosecutor urged the jury to “think about the consistency of her statements” — some of which were not even in evidence — and then impermissibly shifted the burden to the defense by stating that “none of these facts were ever disputed by [defense counsel]” (see People v Collins, 12 AD3d 33 [2004]).
The prosecutor compounded these errors by accusing defendant of “tailor[ing] [his testimony] after he was able to sit here and hear everyone testify and at the end of the day having sat up there and what he said was patently absurd.” Such accusations are plainly improper and serve no purpose other than to inflame the jury (see People v Brown, 26 AD3d 392 [2006]; People v Walters, 251 AD2d 433 [1998]). Moreover, the prosecutor directly disparaged defendant for exercising his constitutional right to be present in the courtroom and confront his accuser. Finally, the prosecutor’s repeated characterization of defendant’s testimony as absurd “exceeded the bounds of proper rhetorical comment” (People v Torres, 111 AD2d 885, 886 [1985]), and was nothing more than an attempt to denigrate the defense (see People v Brown, 26 AD3d 392 [2006], supra).
On this record, we conclude that the cumulative effect of the prosecutor’s persistent and improper remarks in summation served to deprive defendant of his right to a fair trial (see People v Brown, 26 AD3d 392 [2006], supra; see also People v Goldstein, 196 Misc 2d 741 [App Term, 2d & 11th Jud Dists 2003]). Moreover, in this case where proof of defendant’s guilt was not overwhelming, but rather turned on the jury’s assessment of a single witness, we cannot conclude that the prosecutor’s comments were harmless (see People v Alexander, 94 NY2d 382 [1999]).
*72 Accordingly, the judgment of conviction must be reversed and the matter remanded for a new trial.
Pesce, EJ., Weston Patterson and Rios, JJ., concur.