■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMARLIE GORDON, Appellant. [855 NYS2d 617]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered November 30,

2005, convicting him of attempted robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

We agree with the defendant that certain comments made by the prosecutor during summation exceeded the "broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway,* 54 NY2d 396, 399 [1981]), and "the cumulative effect of such conduct substantially prejudiced" his right to a fair trial (*People v Calabria,* 94 NY2d 519, 523 [2000]). Insofar as some of these errors were not preserved for appellate review, we review them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

During summation, the prosecutor improperly denigrated the defense by repeatedly likening it to a "Hollywood" story and characterizing it as "ridiculous" and "absurd." Comments of this type have been frequently disapproved (*see People v Brown,* 26 AD3d 392, 393 [2006]; *People v Pagan,* 2 AD3d 879, 880 [2003]; *People v Russell,* 307 AD2d 385, 386 [2003]; *People v LaPorte,* 306 AD2d 93, 96 [2003]; *People v Walters,* 251 AD2d 433, 434 [1998]; *People v World,* 157 AD2d 567, 568 [1990]; *People v Torres,* 111 AD2d 885, 886 [1985]). Moreover, the "Hollywood" story line of argument was not a stray comment, but was the overarching theme of the prosecutor's summation. The prosecutor continued this theme even after certain objections were sustained. Further, the prosecutor improperly attacked the credibility of defense counsel by accusing him of withholding the truth from the jury (*see People v Pagan,* 2 AD3d at 880; *People v McReynolds,* 175 AD2d 31, 32 [1991]; *People v Simms,* 130 AD2d 525, 526 [1987]). Under the circumstances of this case, we cannot say these errors were harmless (*see People v Crimmins,* 36 NY2d 230, 241 [1975]). Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.