■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAFIQ MOHAMMED and JAVED KHALID, Appellants. [917 NYS2d 295]—

Appeals by the defendants, respectively, from two judgments (one as to each defendant) of the Supreme Court, Kings County (Chambers, J., at trial; J. Goldberg, J., at sentencing), both rendered June 9, 2008, convicting each of them of burglary in the first degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendants, Shafiq Mohammed and Javed Khalid, along with codefendants Sada Hussain and Azad Malik, were each convicted, after a joint trial, of burglary in the first degree. The convictions arose from an incident, allegedly occurring on August 10, 2006, when the defendants and their codefendants, accompanied by two unidentified men, purportedly entered the complainant's apartment, stole the sum of $2,300, and assaulted him with various weapons in an effort to force him to disclose the location of the teenage daughters of the defendants Mohammed and Khalid, and to retrieve certain letters allegedly written by the girls. The girls allegedly had run away from their homes to live with their boyfriends, one of whom was the complainant's nephew.

On appeal, the defendants contend that the Supreme Court improperly admitted into evidence two letters allegedly authored by the girls, without giving appropriate limiting instructions. Although the defendants failed to preserve their claim for appellate review (*see* CPL 470.05 [2]; *see generally People v Pergya*, 53 AD3d 631, 631 [2008]; *People v Webb*, 1 AD3d 542, 543

[2003]), we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). Under the particular circumstances of this case, we agree with the defendants that the admission into evidence of the subject letters, and the failure to instruct the jury concerning the limited purposes for which this evidence was originally offered and ultimately admitted, deprived the defendants of a fair trial (*see generally People v Mendez*, 70 AD3d 861 [2010]). Similarly, the prosecutor's statements during summation regarding the letters compounded the prejudicial effect of the trial court's failure to provide limiting instructions (*see generally People v Sayers*, 64 AD3d 728, 732-733 [2009]).

Further, the prosecutor made several improper remarks during summation. Although some of these errors are not preserved for appellate review, we review them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). Although it is improper to appeal to the sympathy of the jury (*see People v Bhupsingh*, 297 AD2d 386, 388 [2002]; *People v Smith*, 288 AD2d 496, 497 [2001]), the prosecutor nonetheless stated that there were "100 Pakistani men who were supporters of the defendants," and that these men were "glaring" at the complainant while he gave his testimony; that the complainant was "taunted" and "mocked" by the three defense attorneys during cross-examination; and that the jury "saw what happened during cross-examination," specifically, that it "saw what [the complainant] went through on the witness stand . . . and I'm going to ask when you go back in the jury room to treat [the complainant] with dignity." The prosecutor's reference to her unsuccessful attempt to admit a detective's report into evidence also constituted an improper remark, as it implied that there was additional evidence supporting a verdict of guilt, despite the fact that this evidence was not admitted at trial (*see People v Ferrara*, 220 AD2d 612, 613 [1995]; *see also People v Taylor*, 296 AD2d 512 [2002]).

The cumulative effect of the prosecutor's improper remarks also deprived the defendants of their right to a fair trial (*see People v Calabria*, 94 NY2d 519, 523 [2000]; *People v Brown*, 26 AD3d 392, 393 [2006]; *People v Smith*, 288 AD2d at 497).

In light of our determination, the defendants' remaining contentions need not be reached. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.