Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered June 18, 2010, convicting him of criminal possession of a weapon in the second degree (two counts), driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2), and driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
*874 On March 30, 2008, the police received a report regarding a suspicious vehicle in a park. When the police arrived at the park, they observed a vehicle parked on a grassy area that was not a designated parking area. Upon approaching the vehicle, the officers encountered the defendant asleep in the driver’s seat of the vehicle, with the engine running. On the seat next to the defendant was a loaded gun. The officers removed the gun from the vehicle, and then arrested the defendant, who was visibly intoxicated and whose blood alcohol content was found to be .15%. The defendant was convicted, after a jury trial, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1], [3]) and two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]).
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of each of the counts of which he was convicted. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]). Any inconsistencies in the testimony of the police witnesses as to the recovery of the subject weapon raised issues of credibility, and we accord deference to the jury’s credibility determination (see People v Dorce, 92 AD3d 692 [2012]).
Contrary to the defendant’s contention, the record, viewed as a whole, demonstrates that the defendant was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668, 687-694 [1984]; People v Benevento, 91 NY2d 708, 714 [1998]).
The Supreme Court, however, erroneously admitted into evidence a portion of an audiotape of a nearly 15-minute telephone call made by the defendant to a friend while the defendant was incarcerated pending trial. In the course of that conversation, the defendant discussed his plea negotiations, comparing the offer made to him with a more favorable one allegedly made to another individual who was arrested with two guns in his waistband. Since counsel and the court correctly agreed that the telephone call could not properly be admitted in its entirety (see generally People v Ely, 68 NY2d 520, 530-532 [1986]), the court permitted the People to admit the call in redacted form. On the portion of the recording that was admitted, the defend *875 ant stated, “I am trying to beat mine, mine was just in the v,” apparently referring to a vehicle. Under the circumstances of this case, the introduction of that excerpt, out of context, was misleading and unduly prejudicial, since it gave the appearance that the defendant admitted to knowing that the gun was in his car at the time of his arrest (see generally People v Scarola, 71 NY2d 769, 777 [1988]; People v Wilkinson, 71 AD3d 249, 254 [2010]).
Further, certain comments in the prosecutor’s summation were improper, including the comments in which the prosecutor denigrated the defense, vouched for the truthfulness of prosecution witnesses, and shifted the burden of proof to the defense by, inter alia, stating that the defendant had not established reasonable doubt or established that the People’s witnesses were untruthful or engaged in a “conspiracy,” and improperly commented on the defendant’s failure to call a certain witness (see People v Spann, 82 AD3d 1013, 1015 [2011]; People v Brown, 26 AD3d 392, 393 [2006]; People v Pagan, 2 AD3d 879, 880 [2003]; People v Walters, 251 AD2d 433, 434-435 [1998]; cf. People v Wongsam, 105 AD3d 980 [2013]).
The errors in the admission of the misleading excerpt of the defendant’s telephone conversation and in the prosecutor’s summation were not harmless, as we cannot say that there was no significant probability that the jury would have acquitted the defendant had it not been for these errors (see People v Crimmins, 36 NY2d 230, 242 [1975]).
The defendant’s remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we reverse the judgment and order a new trial.
Dillon, J.R, Dickerson, Cohen and Hinds-Radix, JJ., concur.