■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Owen, J.), rendered June 14, 1985, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a hypodermic instrument and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On February 26, 1984, at approximately 10:00 A.M., a State Trooper spotted a disabled vehicle on a highway. He pulled over and asked the defendant who was seated in the driver's seat what the problem was. When the defendant only produced a learner's permit, the Trooper sought and was pre-

sented with a Massachusetts driver's license from Robert Cox seated next to the defendant in the front passenger seat. The codefendant, Eone Chapman, was seated in the rear passenger seat. The Trooper, who had then stepped over to the passenger side of the vehicle, noticed a green leafy substance which he thought to be marihuana on the floor in front of the rear seat whereupon he told the occupants of the vehicle they were under arrest and ordered them out of the car.

Chapman, with the Trooper's permission, urinated near a fence 10 to 15 feet away and, when he returned to the car, reached into the backseat and threw out a bag containing 220 glassine envelopes marked "poison" containing an aggregate of over eight grams of heroin. A search of the vehicle revealed a hypodermic instrument halfway under the seat on the floor of the front passenger area. No contraband was recovered from the defendant's or Chapman's person but two glassine envelopes were found on Cox and a marihuana cigarette was found in the area where Chapman had urinated. After the three were advised of their *Miranda* rights, the defendant told a Trooper at the barracks that the envelopes marked "poison" contained heroin and were worth $10 per package.

Since the defendant failed to set forth sworn allegations of fact in support of his motion to suppress as required by CPL 710.60 (1) and the People's uncontroverted affirmation in opposition stated the Trooper saw the marihuana in plain view thereby giving him the requisite probable cause to arrest the occupants of the vehicle and conduct a further search, we conclude that the court properly denied suppression of the contraband without conducting a hearing *(see, People v Landy,* 59 NY2d 369; *People v Berrios,* 28 NY2d 361; *People v Delgado,* 118 AD2d 580, *lv denied* 67 NY2d 1052).

Although the defendant correctly asserts that it is his constitutional right to be present during all stages of the criminal proceedings against him and that this right is his to waive, we cannot agree that it was reversible error for the court to deny his application to waive his presence at the felony hearing. Although a defendant should be permitted to waive his presence at pretrial identification proceedings, in this case the defendant withdrew his application for a *Wade* hearing once the People declared they would not use the Trooper's felony hearing identification. Additionally, as the Trooper had an independent basis for his in-court identification of the defendant, any error in the denial of the defendant's request to waive his presence did not operate to prejudice him and does not require reversal *(see, People v Washing-*

*ton,* 130 AD2d 605, *lv granted* 70 NY2d 658; *People v Lyde,* 104 AD2d 957; *People v James,* 100 AD2d 552; *People v Huggler,* 50 AD2d 471).

With respect to the defendant's remaining contentions, we note that it was not error for the trial court to permit inquiry into four of the defendant's prior crimes to impeach his credibility if he chose to testify. As the defendant failed to explain how the prejudicial effect of such inquiry would outweigh its probative value we conclude that the court's determination was not an abuse of discretion *(see, People v Pollock,* 50 NY2d 547; *People v Rahman,* 46 NY2d 882; *People v Sandoval,* 34 NY2d 371).

We further note that the single isolated remark during the prosecutor's summation was objected to and curative instructions were immediately given, thereby negating any potential for prejudice particularly when the summation is examined in its entirety *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Lebron,* 114 AD2d 859; *People v Robinson,* 83 AD2d 887).

Since the defendant was clearly and unequivocally informed that the trial would continue in his absence if he failed to appear, we conclude that the defendant's absence during summations constituted a knowing waiver of his constitutional right to be present *(People v Smith,* 68 NY2d 725; *People v Trendell,* 61 NY2d 728). It was not error for the court to charge the automobile presumption pursuant to Penal Law § 220.25 (1) particularly in light of the court's further charge that this was a permissive presumption and that it was incumbent upon the People to establish beyond a reasonable doubt that the bag which contained the heroin had come from the car and had not been concealed on the person of any of the occupants *(People v Leyva,* 38 NY2d 160, *rearg denied sub nom. People v Low,* 39 NY2d 832; *People v Heizman,* 127 AD2d 609, *lv denied* 69 NY2d 950). Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.