■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK BURKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered December 19, 1986, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Browne, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and inculpatory statements.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing testimony of the police officer to the effect that the narcotics were observed in plain view was incredible as a matter of law. Questions of credibility are primarily for the hearing court, and its determination is entitled to great deference on appeal unless it is clearly erroneous or unsupported by the record *(see, People v Matias,* 137 AD2d 625; *People v Dove,* 130 AD2d 587). We discern no basis in the instant

record for disturbing the hearing court's resolution of the credibility issue.

Similarly unavailing is the defendant's contention that his arrest was not supported by probable cause. The record demonstrates that the arresting officer observed, in plain view, a clear plastic bag containing white powder which he believed to be cocaine in a vehicle which the defendant was occupying *(see, People v Gill,* 138 AD2d 738). Moreover, the totality of the surrounding circumstances compels the conclusion that the seizure of the bag and the arrest of the car's occupants were proper, as the vehicle was parked in a manner obstructing traffic on a one-way street late at night, with the engine running and the lights on, the driver was asleep and provided mumbled, slurred responses to the police officer's inquiries, and the other occupants of the vehicle appeared to be "nervous and fidgety" *(see generally, People v Baldanza,* 138 AD2d 722).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Fulton,* 138 AD2d 514; *People v Williams,* 131 AD2d 525, *lv denied* 70 NY2d 718). Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.