■ In the Matter of DIONE JAMEL M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Queens County (Ambrosio, J.), dated December 15, 1987, which, upon a fact-finding order dated August 26, 1987 (Kaufmann, J.), made after a hearing, finding that appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for one year, and (2) an order of the

same court (Ambrosio, J.), dated June 13, 1988, which, upon a fact-finding order dated May 10, 1988, finding that appellant had violated his probation, placed him with the Division of Youth, Title II, for a period of one year. The appeal brings up for review the denial (Kaufmann, J.), of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

The Family Court's findings, after a hearing, that the appellant's arrest was based upon probable cause and that the search pursuant to this arrest which uncovered drugs and money on the appellant's person was legal, were not clearly erroneous or unsupported by the record. Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence *(see, People v Armstead,* 98 AD2d 726). "Questions of credibility are primarily for the hearing court, and its determination is entitled to great deference on appeal unless it is clearly erroneous or unsupported by the record" *(People v Burke,* 146 AD2d 706). In this case, the Family Court properly exercised its fact-finding function and resolved conflicting testimony as to the distance between the arresting officer and the appellant at the time of the observations at issue. We perceive no basis for disturbing the hearing court's resolution of this issue. Bracken, J. P., Spatt, Sullivan and Harwood, JJ., concur.