■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROBERTSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered February 3, 1986, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court permitted two police officers to testify to an inculpatory statement which they overheard the defendant make to his mother at the police precinct. The defendant asserts that the admission of this evidence was error, in violation of a parent-child privilege. We note that no objection was made to the introduction of this testimony on the ground of privilege, and hence any issue of law with respect to the defendant's claim is not preserved for our review. In any event it did not constitute error (see, People v Harris, 57 NY2d 335, 343).

Generally, communications made in the presence of third parties are not privileged from disclosure (see, People v Harris, supra; Richardson, Evidence § 413 [Prince 10th ed]). In speak-

ing to his mother in the presence of police officers, the defendant did not intend his communication to be confidential *(see, People v Harris, supra)*. Moreover, there is nothing in the record to suggest that the statement here had been in any way induced, provoked or encouraged by the police officers *(see, People v Rivers,* 56 NY2d 476, 479-480) or that the defendant's mother was acting as a police agent at the time she questioned her son *(see, e.g., Massiah v United States,* 377 US 201; *People v Cardona,* 41 NY2d 333, 335). The Sixth Amendment right to counsel "is not violated whenever—by luck or happenstance—the State obtains incriminating statements from the accused after the right to counsel has attached" *(Maine v Moulton,* 474 US 159, 176).

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Kooper and Sullivan, JJ., concur.

Harwood, J., concurs in the result, with the following memorandum: The defendant's contention that the inculpatory statement made to his mother at the precinct and overheard by two police officers should have been suppressed *(see, People v Harrell,* 87 AD2d 21, *affd* 59 NY2d 620) was not made before the suppression court. I therefore agree with my colleagues insofar as they hold that this contention is not now properly before us *(see, People v Harrell, supra; see also, People v Tutt,* 38 NY2d 1011; *People v Rondan,* 116 AD2d 750, 752, *lv denied* 67 NY2d 950). And since I also agree that the defendant's remaining contentions are without merit, I concur in affirmance of the conviction.