■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONIE MURPHY, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Patsalos, J.), rendered May 3, 1989, convicting her of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As a result of a search of the apartment the defendant shared with her daughter, the police recovered over one-half ounce of heroin and drug paraphernalia. After the heroin and drug paraphernalia were found, but before the defendant was given *Miranda* rights, she stated to the officers "everything in here is mine". After the defendant was given *Miranda* rights, she continued, "I've been selling it for years and I also use the stuff too". At the station house, she was overheard making certain incriminating statements to her daughter. The defendant contends that the statements were extracted in violation of her *Miranda* rights and should have been suppressed. The defendant also claims that the CPL 710.30 notice of intent to use the statements was inadequate. We disagree.

We find that the statements made by the defendant during the police search of her apartment were made spontaneously and were not the product of police conduct or its functional equivalent *(see, Rhode Is. v Innis,* 446 US 291, 301; *People v Allnutt,* 148 AD2d 993; *People v Brown,* 161 AD2d 778). As such, they were properly admitted into evidence. Similarly, the statement made by the defendant at the station house in response to a question posed by her daughter, which was overheard by police officers present in the booking room, was also properly admitted into evidence. Communications made in the presence of third parties which are not the product of police activity are not subject to suppression *(see, People v Robertson,* 149 AD2d 442).

Moreover, the alleged inadequacy of the People's notice pursuant to CPL 710.30 did not require exclusion of the defendant's statements under the circumstances at bar. The defendant received notice of the sum and substance of all her

statements and had a full opportunity to challenge the admissibility of the statements at the *Huntley* hearing *(see, People v Bennett,* 56 NY2d 837; *People v Brooks,* 121 AD2d 392; *People v Sullivan,* 117 AD2d 476).

Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

Finally, we find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.