■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL KALISH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered January 23, 1987, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Browne, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant Joel Kalish was convicted of narcotics and weapons possession charges arising from the discovery of a bag of cocaine and handguns in an automobile which he and three other individuals occupied. Suppression of the physical evidence was denied after a hearing. On appeal, the defendant contends that probable cause did not exist for his arrest because the police officer acted illegally in reaching into the car and removing what he suspected to be a package containing a controlled substance. In addition, he argues that the indictment was defective because it was based on an acting-in-concert theory and the People relied on the statutory presumption to establish possession. He also contends that the court's *Sandoval* ruling was improper and that the sentence imposed was excessive.

The hearing court's findings of fact, based upon its resolution of credibility issues, are to be accorded great weight on appeal unless they are clearly erroneous or unsupported by the record (see, People v Matias, 137 AD2d 625; People v Dove, 130 AD2d 587). The hearing court accepted Police Officer Michel's testimony that he observed the defendant, slumped and groggy, behind the steering wheel of his car, with the engine running, and that he then observed in plain view at the defendant's feet a 10-inch plastic bag containing white powder. There is no basis in the record for disturbing the hearing court's resolution of the credibility issues. Thus, under the circumstances, there was probable cause to arrest the defendant. Indeed, this court found Michel's testimony credible and the arrest of the codefendant Patrick Burke supported by probable cause in People v Burke (146 AD2d 706, 707), stating: "The record demonstrates that the arresting officer observed, in plain view, a clear plastic bag containing white powder which he believed to be cocaine in a vehicle which the defendant was occupying (see, People v Gill, 138 AD2d 738). Moreover, the totality of the surrounding circumstances compels the conclusion that the seizure of the bag and the arrest of the car's occupants were proper, as the vehicle was parked in a manner obstructing traffic on a one-way street late at night, with the engine running and the lights on, the driver was asleep and provided mumbled, slurred responses to the police officer's inquiries, and the other occupants of the vehicle appeared to be 'nervous and fidgety' (see generally, People v Baldanza, 138 AD2d 722)".

We also reject the defendant's contention regarding the theory of the prosecution. The statutory presumption of possession in Penal Law § 220.25 merely allows the jury to infer knowing possession of the drugs by all occupants of a car (see, People v Leyva, 38 NY2d 160). The jury was still required to conclude that the defendant intended to possess the cocaine under the acting-in-concert theory. Indeed, the charge properly required that each element of the crime be established for each defendant.

In view of the facts that the cocaine was found at the defendant's feet, that a loaded weapon was recovered from his person and that this arrest was not his first involvement with the criminal justice system, the sentence imposed was not excessive.

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit (see, People v Leyva, supra;

*Lopez ex rel. Garcia v Curry,* 583 F2d 1188; *People v Mosley,* 67 NY2d 985; CPL 300.50; *People v Glover,* 57 NY2d 61). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.