■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BURGESS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 24, 1989, convicting him of criminal possession of marihuana in the second degree and operating a motor vehicle while under the influence of alcohol as a misdemeanor, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

A police officer found the defendant intoxicated and asleep in his car which was parked on the shoulder of a highway

with its headlights on and engine running and, by use of a flashlight, observed an open paper bag containing marihuana on the floor of the vehicle. On appeal, the defendant challenges the hearing court's denial of that branch of his omnibus motion which was to suppress the marihuana arguing (1) that the officer's use of the flashlight to search the interior of the car violated his Fourth Amendment rights and (2) that the police testimony was patently tailored to overcome constitutional objections.

Neither of these arguments was advanced before the hearing court and therefore they are not preserved for this court's review (see, People v Tutt, 38 NY2d 1011; People v Francois, 155 AD2d 685). In any event, contrary to the defendant's contention, the officer's use of a flashlight was not an unreasonable intrusion inasmuch as the marihuana was in the plain view of the officer, but for the dark (see, People v Cruz, 34 NY2d 362, amended 35 NY2d 708; People v Wallace, 153 AD2d 59; People v Baldanza, 138 AD2d 722). Furthermore, we find no basis in the record for disturbing the hearing court's determination that the police testimony was credible. Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.