■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON KELLY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered December 15, 1987, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find that the court properly admitted a statement made by the defendant in the presence of a police officer. During the defendant's hospitalization under police guard, he told the police officer who was guarding him that he wanted to make a statement in the presence of his mother, his girlfriend, and an attorney. The defendant's mother and girlfriend were summoned to the hospital. However, after making inquiry, the officer informed the defendant that the police would be unable to take a statement from him at that time because they were unable to contact an attorney. When the defendant's mother and girlfriend arrived at his bedside, the defendant, without being questioned or prompted by the police officer, started speaking with them about a murder and robbery. The police officer, who was standing in the doorway of the defendant's room, only a foot from the defendant's bed, took notes. During the conversation with his mother and girlfriend, the defendant admitted that he had participated in the murder and robbery. The police officer neither prompted nor requested the defendant to make any statement. The admission into evidence of the inculpatory statement overheard by the officer did not violate the defendant's Sixth Amendment right to counsel (see, People v King, 155 AD2d 480).

The defendant's contention that the court improperly instructed the jury on robbery as the predicate felony for felony

murder, rather than attempted robbery as was charged in the indictment, is not preserved for appellate review as no objection was made thereto *(see,* CPL 470.05 [2]). In any event, the charge was proper as the evidence revealed the existence of the underlying predicate felony *(see, People v Gibson,* 65 AD2d 235, *cert denied* 444 US 861; *People v Wroblewski,* 109 AD2d 39, 44, *affd* 67 NY2d 933, *cert denied* 479 US 845).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.