■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 3, 1990, convicting him of criminal posses-

sion of a weapon in the third degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the court should have suppressed physical evidence seized from his car. The police received a radio report that the defendant's car was at a certain location, that its three male black Jamaican occupants were wanted for a recent homicide, and that they were possibly armed with a gun. Upon seeing two black males exit the described vehicle, the police had adequate reason to approach the vehicle to investigate (see, People v Evans, 175 AD2d 456; People v Burgess, 168 AD2d 685). The use of a flashlight by one of the officers to look into the car was not improper (see, People v Burgess, supra). Once that officer saw bullets on the floor of the car, he had probable cause to believe that a gun was inside the car, and thus the search of the passenger compartment was proper (see, People v Ellis, 62 NY2d 393, 397; People v Evans, supra). Finally, the discovery of that gun warranted the arrest of the defendants and the subsequent inventory search of the car's trunk and glove compartment (see, People v Gonzalez, 62 NY2d 386).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's claim of ineffective assistance of counsel, and find it to be without merit (see, People v Sullivan, 153 AD2d 223). Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.