■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO FLORES, Appellant. [595 NYS2d 173] —Judgment of the Supreme Court, Bronx County (Stephen L. Barrett, J.), rendered February 28, 1989, convicting defendant, after jury trial, of murder in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to an indeterminate term of imprisonment of from 25 years to life and a concurrent definite term of imprisonment of one year, respectively, to run concurrently with a sentence imposed under a separate conviction, unanimously affirmed.

The trial evidence, which included the testimony of a disin-

terested eyewitness, established that defendant became involved in an altercation with the victim outside a Bronx social club in the early morning hours of December 10, 1987. The victim struck defendant with a pool cue and then retreated, at which point defendant caught and repeatedly stabbed him.

Defendant argues on appeal that the prosecutor mischaracterized the evidence in his summation when he stated that "every one" of the witnesses testified defendant stabbed the victim using downward thrusts after the victim had retreated from the encounter and that two witnesses testified to defendant's utterance of a death threat at the time of the stabbing. Further, defendant ascribes error to the prosecutor's analogy of defendant's trial arguments to the black ink released by an octopus.

The prosecutor's asserted mischaracterization of the evidence is unpreserved for appellate review by timely objection (CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818), and we decline to review the issue in the interest of justice. Were we to consider the argument, we would find it to be without merit. Evidence was adduced from which the jurors could conclude that the decedent was stabbed after he had retreated and that the attack on the victim continued as he lay on the ground. Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), it establishes that defendant did not avail himself of the opportunity to retreat, as was his obligation, and it is therefore sufficient to disprove the defense of justification (Penal Law § 35.15 [2] [a]; *People v Sykes,* 178 AD2d 501, *lv denied* 79 NY2d 953; *People v La Mountain,* 155 AD2d 717, *lv denied* 75 NY2d 814). Nor do we regard the conviction as against the weight of the evidence.

The prosecutor did not engage in exaggerated distortion of the testimony, nor does it appear that he acted in bad faith. Furthermore, the jury was clearly advised that its recollection of the testimony was controlling. The characterization of the defense as a smokescreen is within the bounds of fair comment *(see, People v Ashwal,* 39 NY2d 105, 109), and the prosecutor, following defendant's objection, explicitly disavowed any intent to denigrate either defendant or his counsel *(compare, People v Butler,* 185 AD2d 141). Concur—Rosenberger, J. P., Kupferman, Kassal and Rubin, JJ.