■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM BAPTISTE, Appellant. [597 NYS2d 146] —Appeal by the defendant from (1) two judgments of the Supreme Court, Kings County (Firetog, J.), both rendered December 21, 1991, convicting him of criminal possession of a controlled substance in the second degree under Indictment No. 16197/89, and criminal possession of a controlled substance in the third degree under Indictment No. 4884/88, upon his pleas of guilty,

and imposing sentences, and (2) an amended judgment of the same court, also rendered December 21, 1991, revoking a sentence of probation previously imposed by the same court (Pesce, J.), upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his prior conviction of criminal possession of a weapon in the third degree under Indictment No. 10725/87. The appeal under Indictment No. 16197/89 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments and the amended judgment are affirmed.

We find unpersuasive the defendant's claim that the hearing testimony of the police officer to the effect that the butt of a handgun and "Stacks of money wrapped in [a] rubberband" were observed in plain view inside the defendant's car was incredible as a matter of law. Questions of credibility are primarily for the hearing court, and its determination is entitled to great deference on appeal unless it is clearly erroneous. We discern no basis in the instant record for disturbing the hearing court's determination (see, People v Prochilo, 41 NY2d 759; People v Sprow, 173 AD2d 509; People v Lassiter, 161 AD2d 605; People v Burke, 146 AD2d 706).

In light of our determination, there is no basis for vacatur of the pleas under Indictment Nos. 4884/88 and 10725/87 (cf., People v Clark, 45 NY2d 432). Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.