■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE COTTON, Appellant. [662 NYS2d 135] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered January 31, 1994, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The hearing court properly declined to suppress the gun recovered as a result of the arresting officer's inquiry concerning its location. The officer's inquiry was justifiable for safety reasons and did not violate the defendant's constitutional right against self-incrimination (*see, New York v Quarles,* 467 US 649, 658-669; *see also, People v Palumbo,* 209 AD2d 551).

While the prosecutor's attack on the defendant's justification defense during summation was not objected to at trial, we nevertheless feel compelled, under the circumstances of this case, to reach the issue in the exercise of our interest of justice jurisdiction and to reverse (*see, People v Jackson,* 143 AD2d 363).

As the Court of Appeals noted in *People v Pelchat* (62 NY2d 97, 105), the prosecutor "is charged with the duty not only to seek convictions but also to see that justice is done" and "owes a duty of fair dealing to the accused and candor to the courts". The interest of justice is disserved when, as here, a prosecutor during summation advances a theory premised on a fact that he knows to be false in order to discredit the defendant's justification defense (*see, People v Lantigua,* 228 AD2d 213). It is undisputed that the prosecutor knew that the .32 caliber gun, which the defense contended the decedent aimed at the defendant, was inoperable. Yet, in attacking the defendant's justification defense, the prosecutor argued on summation that

if the decedent had drawn a gun as the defendant contended, the defendant would not have had time to turn around, take two or three steps, receive a gun from someone in the crowd, turn back and fire four bullets before the decedent was able to fire a single shot. This blatant misrepresentation of the facts as known to the prosecutor went to the heart of the defendant's justification defense, a defense which the prosecutor was obligated to disprove beyond a reasonable doubt. Reversal is required because the prosecutor's misconduct in summation may very well have tipped the scales against the defendant, especially in light of the less than overwhelming evidence of the defendant's guilt (*see, People v Tolbert,* 198 AD2d 132; *People v Nieves,* 186 AD2d 276). Because the prosecutor's misconduct was flagrant and closely related to the credibility issue presented at trial, the defendant's case was substantially prejudiced (*see generally, People v Elder,* 207 AD2d 498; *People v Dombrowski,* 163 AD2d 873).

The defendant's remaining contentions are either without merit or are rendered academic in light of our determination. Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.