■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR L. GRAFF, Appellant. [690 NYS2d 65] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered January 20, 1998, convicting him of attempted grand larceny in the second degree (two counts) and insurance fraud in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that the verdict of guilt was not supported by legally sufficient evidence is only partially preserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Although we agree that the prosecutor acted inappropriately several times during the trial, in light of the court's rulings, admonitions, and curative instructions to the jury, and in view of the totality of the circumstances, including the overwhelming evidence of the defendant's guilt, we conclude that the defendant was not prejudiced (*see, e.g., People v Hopkins,* 58 NY2d 1079, 1083; *People v Galloway,* 54 NY2d 396, 401; *People v Overlee,* 236 AD2d 133, 136; *People v Nathan,* 224 AD2d 640; *cf., People v Walters,* 251 AD2d 433; *People v Cotton,* 242 AD2d 638, 639).

Although the court asked questions of certain witnesses, its intervention in this protracted trial, which lasted five weeks, was designed to clarify the issues and to move the proceedings forward at a reasonable pace (*see, e.g., People v Moulton,* 43 NY2d 944, 945; *cf., People v De Jesus,* 42 NY2d 519, 523-524). Moreover, the court's intervention benefitted the defendant in all but one instance, and on that occasion the court struck the damaging testimony from the record and issued an appropriate curative instruction to the jury.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Bracken, J. P., Sullivan, Friedmann and Florio, JJ., concur.