■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOHNSON, Also Known as FREDDY JOHNSON, Appellant. [728 NYS2d 490] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin, J.), rendered July 21, 1997, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Irizarry, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant, while incarcerated, contacted the police and indicated in his telephone calls that he possessed information concerning the crime at issue here, which was unrelated to a criminal action then pending against him. The defendant refused to be interviewed at the correctional facility, but stated he would speak with detectives at the station house. The defendant consented to be temporarily removed to the station house pursuant to a judicial "take-out order." At the station house, the defendant refused to divulge any information unless he was first taken to his mother's house, claiming that he was concerned that someone might harm her if he spoke with the police about the crime. The detectives refused to remove him from the station house, and he declined an offer to have his mother brought to him. Because the police and the defendant could not agree about implementing a meeting with his mother, he was returned to the correctional facility without having been interviewed about the crime.

The defendant claims that his statement to law enforcement authorities concerning his fear for his mother should have been suppressed because it was obtained in violation of his right to counsel, which attached by virtue of a judicial "take-out order" and because he was represented by counsel in an unrelated criminal action. We disagree.

Under the circumstances, the defendant's statement was spontaneous and not the product of a police interrogation. The defendant's statement was not triggered by police conduct which was reasonably anticipated to evoke a declaration from the defendant (*see, People v Webb,* 224 AD2d 464, 465; *People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *Rhode Is. v*

*Innis,* 446 US 291). The detectives' conduct before the defendant spoke of his concern for his mother was innocuous, and the defendant was merely advised that he had an opportunity to disclose information he had about the crime. There was no evidence that the detectives used any coercive influence or ploys to compel the defendant to furnish the statement, or that he was particularly vulnerable to custodial pressure. Thus, the Supreme Court properly declined to suppress the defendant's statement.

The defendant's remaining contentions are without merit. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.