■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSE, SR., Appellant. [761 NYS2d 686] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered September 12, 2000, as amended November 14, 2000, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), and incest (two counts), upon a jury verdict, and imposing sentence. Justice Feuerstein has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The Supreme Court correctly denied the defendant's motion to dismiss the indictment pursuant to CPL 30.30 since the defendant's right to a speedy trial was not violated (*see People v Henderson,* 248 AD2d 485 [1998]; *People v Chu Zhu,* 245 AD2d 296 [1997]; *People v Crogan,* 237 AD2d 745 [1997]).

Contrary to the defendant's contention, he was not denied the right to effective assistance of counsel. It is well settled that "[i]n evaluating ineffective assistance of counsel claims, [the courts have] consistently applied a 'flexible' approach * * * '[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation,' a defendant's constitutional right to the effective assistance of counsel will have been met" (*People v Henry,* 95 NY2d 563, 565 [2000], quoting *People v Baldi,* 54 NY2d 137, 147 [1981]). "Thus, the standard in New York has long been whether the defendant was afforded 'meaningful representation'" (*People v Henry, supra* at 565, quoting *People v Benevento,* 91 NY2d 708, 712 [1998]).

"In applying this standard, courts should not confuse true ineffectiveness with losing trial tactics or unsuccessful attempts to advance the best possible defense. The Constitution guarantees a defendant a fair trial, not a perfect one (*Delaware v Van Arsdall,* 475 US 673, 681 [1986]). Isolated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is 'so serious that [the] defendant did not receive a "fair trial"'" (*People v Henry, supra* at 565-566, quoting *People v Flores,* 84 NY2d 184, 188-189 [1994]). Here, most of the errors allegedly committed by the defense counsel were in furtherance of a reasonable trial strategy. That the defense counsel waived an opening statement does not itself amount to ineffective assistance (*see People v McDonald,* 255 AD2d 688, 689 [1998]), and we find that the defendant was afforded the effective assistance of counsel.

However, during summation, the prosecutor improperly argued that the defendant "invented" an assertion that the victim falsely accused him of stabbing and killing Brenda Smith (the appellant's wife and the victim's mother), during a Family Court proceeding. The prosecutor was plainly aware of the falsity of his statement based on other evidence in the record. While the prosecutor's error was not preserved for appellate review, we are compelled, under the circumstances of this case, to consider the error in the interest of justice (*see* CPL 470.15 [6] [a]).

"The prosecutor's conduct in advocating a position which he knew to be false was an abrogation of his responsibility as a prosecutor" (*People v Walters,* 251 AD2d 433, 435 [1998]). A "prosecutor 'is charged with the duty not only to seek convictions but also to see that justice is done' and 'owes a duty of fair dealing to the accused and candor to the courts'" (*People v*

*Cotton,* 242 AD2d 638 [1997], quoting *People v Pelchat,* 62 NY2d 97, 105 [1984]). Despite a request from the defense counsel, the prejudicial effect of the prosecutor's improper statement was not negated because the trial court did not give a curative instruction to the jury (*cf. People v Graff,* 260 AD2d 645 [1999]).

The defendant's remaining contentions either are without merit or academic in light of our determination. Florio, J.P., Feuerstein, Adams and Crane, JJ., concur.