■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERRON JAMES, Appellant. [798 NYS2d 483]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Chambers, J.), rendered October 10, 2002, convicting him of criminal possession of a weapon in the third degree, under indictment No. 9175/01, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court also rendered October 10, 2002, revoking a sentence of probation previously imposed by the same court (Greenburg,

J.), upon a finding that he violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree, under indictment No. 5953/00. The appeal from the judgment under indictment No. 9175/01 brings up for review the denial, after a hearing (Chambers, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, the hearing testimony of a police officer that he observed the muzzle of a handgun in plain view inside the defendant's vehicle after stopping the vehicle for a traffic violation was not incredible as a matter of law. "Questions of credibility are primarily for the hearing court, and its determination is entitled to great deference on appeal unless it is clearly erroneous" (*People v Baptiste*, 192 AD2d 714, 715 [1993]). The record does not support the defendant's contention that the officer's testimony was a fabrication tailored to nullify constitutional objections. Nothing about the officer's testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory (*see People v Rivera*, 186 AD2d 692 [1992]; *People v Foster*, 173 AD2d 841, 843 [1991]; *cf. People v Miret-Gonzalez*, 159 AD2d 647, 649 [1990]). Consequently, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the handgun. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.