■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JASPER RUTLEDGE, Respondent. [804 NYS2d 321]—

Appeal by the People (1) from an order of the Supreme Court, Queens County (Grosso, J.), dated February 28, 2003, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence (2), as limited by their brief, from so much of an order of the same court dated April 8, 2003, as, upon reargument, adhered to its prior determination, and (3) from a "Corrected Order" of the same court dated May 2, 2003.

Ordered that the appeal from the order dated February 28,

2003, is dismissed, as that order was superseded by the order dated April 8, 2003, made upon reargument; and it is further,

Ordered that the order dated April 8, 2003, is affirmed; and it is further,

Ordered that the appeal from the order dated May 2, 2003, is dismissed as academic.

Contrary to the People's contentions, from his vantage point of "50 yards at the most" away, the arresting officer's alleged observation of the defendant, seated in a parked car at night, smoking *something*, provided the officer with no basis to approach the defendant's car (*see generally People v McIntosh,* 96 NY2d 521 [2001]; *People v Hollman,* 79 NY2d 181 [1992]; *People v De Bour,* 40 NY2d 210 [1976]). "In determining the legality of an encounter under *De Bour* and *Hollman,* it has been crucial whether a nexus to conduct existed, that is, whether the police were aware of or observed conduct which provided a particularized reason to request information. The fact that an encounter occurred in a high crime vicinity, without more, has not passed *De Bour* and *Hollman* scrutiny" (*People v McIntosh, supra* at 526-527). Here, the officer had no objective, credible reason to approach the car. His testimony that he could discern, based upon the "dim[ness]" and long duration of the "glow" of the item being smoked, that it was a marijuana cigarette and not a tobacco cigarette, was incredible as a matter of law, and tailored to overcome constitutional objections (*see People v Lewis,* 195 AD2d 523, 523-524 [1993]; *People v Lebron,* 184 AD2d 784, 787 [1992]; *People v Miret-Gonzalez,* 159 AD2d 647, 649-650 [1990]). Accordingly, the Supreme Court properly granted that branch of the defendant's omnibus motion which was to suppress evidence seized from the car. Crane, J.P., S. Miller, Luciano and Lifson, JJ., concur.