■ The People of the State of New York, Respondent, v Ronnie A. Diggs, Appellant. [805 NYS2d 886]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered January 30, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (four counts), robbery in the second degree (three counts), assault in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of four counts of robbery in the first degree (Penal Law § 160.15 [2], [4]), three counts of robbery in the second degree (§ 160.10 [1], [2] [a]), and one count each of assault in the second degree (§ 120.05 [2]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). The charges arose from an incident in which two boys were robbed of their motorized scooters, jewelry and a sum of cash, and one of the boys was shot in the leg. We reject defendant's sole contention on appeal that reversal is required based on prosecutorial misconduct on summation. The record does not support defendant's contention that the prosecution advanced a theory premised on a fact known by the prosecutor to be false in order to discredit defendant (cf. *People v Cotton*, 242 AD2d 638 [1997]). Rather, the challenged remarks were "fair comment" on the evidence (*People v Hilliard*, 279 AD2d 590, 590 [2001], *lv denied*

96 NY2d 784 [2001]) and, indeed, were "made in response to . . . defense counsel's arguments on summation" (*People v Thomas*, 8 AD3d 506, 507 [2004], *lv denied* 3 NY3d 682 [2004]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.