■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX VIELMAN, Appellant. [818 NYS2d 291]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered November 19, 2002, convicting him of burglary in the third degree and bail jumping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

When the defendant was arrested for burglary, he made an exculpatory statement to the police. At the suppression hearing, he testified in conformity with that statement and, at trial, his testimony was consistent with his earlier accounts. Nevertheless, the prosecutor, in summation, implied that he had fabricated his trial testimony after hearing the prosecution witnesses testify when he stated: "[the defendant has] been able to sit here and listen to everybody else testify, right? So that he could tell you his story to fit what's already in evidence. No other person has been able to do that. No other person is allowed to do something like that."

The prosecutor knew that her argument here rested on a false premise. Her argument was a blatant attempt to mislead the jury, and thus violated her responsibilities and the trust placed in her as a prosecutor (see People v Rose, 307 AD2d 270, 271 [2003]; People v Walters, 251 AD2d 433, 435 [1998]). Properly, the People do not now oppose reversal of the conviction of burglary in the third degree. Nonetheless, they contend that the conviction on the bail jumping count is not infected by the improper argument. We disagree.

The prosecutor's improper argument was more immediately applicable to the burglary count than the bail jumping count, but we cannot say that there is no "reasonable possibility" that it also affected the jury's verdict on the latter count in a "meaningful way" (People v Doshi, 93 NY2d 499, 505 [1999]). The defendant offered a defense to that count as well, and the jury was required to assess the credibility of his testimony as to both counts. In this respect, we note that the court instructed the jury that if it found that a witness intentionally testified falsely as to a material fact, it may disregard that witness's entire testimony or so much of it as it found was not truthful. We cannot say with any confidence that the trial prosecutor's improper conduct did not affect the jury verdict on the bail

jumping count. Therefore, we reach this unpreserved issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]) and, accordingly, we reverse the judgment and order a new trial as to both counts. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.