■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN COOPER, Appellant. [833 NYS2d 118]—

Appeals by the defendant from three judgments of the County Court, Orange County (DeRosa, J.), all rendered August 31, 2004, convicting him of driving while ability impaired by drugs and criminal possession of a controlled substance in the seventh degree under indictment No. 03-00891, criminal possession of a controlled substance in the fifth degree under indictment No. 04-00144, and bail jumping in the second degree under indictment No. 04-00137, upon his pleas of guilty, and imposing sen-

tences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion under indictment No. 03-00891, which were to suppress a statement and physical evidence, and the denial, after a hearing, of that branch of the defendant's omnibus motion under indictment No. 04-00144, which was to suppress physical evidence.

Ordered that the judgments are affirmed.

The factual determinations of the hearing court, insofar as they are based upon that court's assessment of the witnesses' credibility, are entitled to great deference on appeal. Those determinations should not be disturbed unless they are clearly unsupported by the record (*see People v Baliukonis*, 35 AD3d 626 [2006]; *People v Lightfoot*, 22 AD3d 865 [2005]).

Both hearings involved, inter alia, the resolution of questions of probable cause. "Probable cause for a warrantless arrest does not require proof sufficient to support a conviction, 'but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed' " (*People v Travis*, 266 AD2d 410, 411 [1999], quoting *People v McRay*, 51 NY2d 594, 602 [1980]; *see People v Hartman*, 294 AD2d 446 [2002]). The assessment of whether there was probable cause for the arrest of an individual is to be made by the court upon consideration of all the relevant objective facts known to the officer; the subjective beliefs of the officer do not control the determination (*see People v Bandera*, 204 AD2d 340 [1994]; *People v Peters*, 136 AD2d 750 [1988]; *People v Lopez*, 95 AD2d 241 [1983]).

There is no basis in the record to disturb the hearing court's resolution, in reference to indictment No. 04-00144, of the question of Officer Lawson's credibility as to his observations of the defendant's actions in the gas station/convenience store (*cf. People v Baptiste*, 192 AD2d 714 [1993]; *People v Burke*, 146 AD2d 706 [1989]), or the determination that those observations provided probable cause for the arrest of the defendant and the search incident to that arrest. The County Court properly denied suppression of the physical evidence.

With respect to the charges in indictment No. 03-00891, the defendant was observed by Sergeant Broe operating a pick-up truck at an unreasonable speed in the wrong lane of travel, as the defendant approached a three-way intersection in the City of Newburgh. The defendant side-swiped a parked police car, proceeded through the intersection against the traffic light, and jumped out of the vehicle before it came to a complete stop. Those observations were sufficient to provide probable cause to

believe the defendant committed the misdemeanor offense of reckless driving (*see* Vehicle and Traffic Law § 1212).

Ordinarily, when an officer is authorized to arrest a person for the misdemeanor offense of reckless driving, the preferred procedure is for the officer to issue an appearance ticket rather than place the person under arrest (*see People v Howell*, 49 NY2d 778 [1980]; CPL 150.20). Here, that procedure could not be followed as the defendant refused to identify himself.

The defendant's refusal to provide identification was sufficient to provide probable cause to believe the defendant was operating the truck without a license (*see* Vehicle and Traffic Law § 507 [2]; *People v Irizarry*, 282 AD2d 483 [2001]; *People v Grear*, 232 AD2d 578 [1996]; *People v Watson*, 177 AD2d 676 [1991]). Since the defendant refused to identify himself, it was proper for the sergeant to arrest him. While an arrest for the traffic infraction of driving without a license would not provide authority for a search incident to that arrest (*see People v Marsh*, 20 NY2d 98 [1967]), an arrest for the misdemeanor offense of reckless driving would provide such authority (*see People v Troiano*, 35 NY2d 476 [1974]).

As the sergeant was authorized to search the defendant incident to a lawful arrest, the County Court properly denied that branch of the defendant's omnibus motion as sought suppression of the crack pipe found in his possession.

The defendant made a statement at the hospital that he had "done heroin about an hour ago." The statement was made to a nurse in response to her query. There is nothing in the record to indicate the statement was in any way triggered by police conduct, let alone police conduct which reasonably could have been expected to evoke the statement (*cf. People v Johnson*, 285 AD2d 516 [2001]). The police officers were legitimately in the emergency room bay with the defendant, as he was under arrest. There is no indication in the record the defendant, who was aware of the presence of the two police officers, requested that his conversation with the nurse be afforded privacy (*cf. People v Borcsok*, 107 AD2d 42 [1985]). Thus, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the statement (*see People v Eldridge*, 213 AD2d 667 [1995]; *People v Kelly*, 170 AD2d 537 [1991]; *People v Murphy*, 163 AD2d 425 [1990]; *People v Robertson*, 149 AD2d 442 [1989]). Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.